CHIEF JUSTICE HARDIN
delivered the opinion of the court.
In an action in the Jefferson Court of Common Pleas against Morgan Yance and Sarah Thompson, on their joint and several promissory note for $1,024.60, the appellees obtained a judgment against Yance on the 28th of November, 1868, and for the same demand against Sarah Thompson on the 2d day of January, 1869.
On the first of these judgments an execution was issued on the 8th of December, 1868, to Jefferson County, and on the *657 18th of the same month another was issued, directed to the sheriff of Mercer County. Subsequently, and before the return of either of said executions, there was filed in the clerk’s office an affidavit of one of the plaintiffs’ attorneys that Nance had “no property subject to execution in Jefferson County, Kentucky.” And thereafter, on the 13th of January, 1869, an execution was issued, directed to the sheriff of Scott County, against the estate of both Nance and Thompson, on which a part of the debts was realized by the levy and sale of property taken as belonging to Nance.
This proceeding, by motion to quash the last-mentioned execution and the sheriff’s levy and sale thereunder, was instituted in September, 1869, on a notice of Nance to the original plaintiffs, but, as appears, executed on one of them only; the grounds of the motion, as disclosed in the notice, being in substance that the execution was issued against and without the authority of law, because said executions previously issued to the counties of Jefferson and Mercer had not then been returned.
The motion was overruled on being heard, and Nance having since died, this appeal is prosecuted by his administratrix for a reversal of that judgment.
It does not appear that Nance at any time resided in Jefferson or in Scott County; but there is some evidence of his having a residence in Mercer County, and also in Fayette County, Kentucky, shortly before the judgment was rendered against him; and whether he still resided in one of these counties on the 18th of January, 1869, or had removed to the state of Indiana, where he afterward died, is not fully shown. But this inquiry of fact, as well as the further questions presented in the' argument as to the service of the notice, and the regularity and sufficiency of the action taken after the trial to make the bill of exceptions a legitimate part of the record, need not be considered, if it be true, as contended for the *658 appellees, that the affidavit of their attorney that Nance had no property subject to execution in Jefferson County authorized the issual of the execution to Scott County, without regard to the county or state in which Nance may then have resided.
Section 1 of ai'ticle 17, chapter 36, of the Revised Statutes, and the first subsection thereof, are as follows:
“ No execution shall issue to any other county than that in which the judgment was rendered, or that in which the defendant resides, until execution has issued to one of the counties named, and has been returned by the proper officer no property found as to all or part thereof.
“ 1. This section is not to apply when the plaintiff, his agent or attorney, shall make affidavit, and file the same with the clerk, stating that the defendant has absconded or removed to another county or state, or that he is about to so abscond or remove himself or effects, or part of them, out of the county where he resided at the date of the judgment; or that the defendant is by some other ways or means attempting to defraud the plaintiff in the collection of his debt; or that the defendant has no property subject to execution in the county of his residence, or that in which the judgment was rendered; but on his filing such affidavit an execution may issue to any county the plaintiff may direct.”
The essential question to be determined in this case involves only the consti’uction of so much of the foregoing subsection as relates to property of the defendant in an execution “ in the county of his residence, or that in which the judgment was rendered.” If, as is insisted for the appellant, the prescribed affidavit, to be sufficient, must show the non-existence of property of the defendant subject to execution as to both of the counties named instead of one of them only, it is strange that the framers of the statute did not employ language expressive of that meaning, at least of reasonably certain import. In the language of the statute above quoted the connective disjunc *659 tive or is used apparently in the same sense in which it occurs elsewhere several times in the same section, where, from the distinct and independent nature of the several grounds, or causes which may be separately stated in the affidavit, it is certainly used in the alternative sense contended for in this case for the appellees. And this construction of the part of the statute under consideration is fortified by the reason of that' provision itself, the affidavit of “.no property” being obviously intended to subserve the purpose of a return of “ no property found,” which, if made on an execution to either of the counties mentioned, would at once have entitled the plaintiff to the issual of an execution to any other county in the state.
We are of the opinion therefore that the affidavit of the attorney of the appellees was sufficient to authorize the issual of their execution to Scott County without a return of “no property found” upon either of the. executions previously issued, and that the court properly overruled the motion of Yance.
Wherefore the judgment is affirmed.