## C. H. DIMICK *v.* ETHEL BOARDMAN.

May Term, 1913.

Present: ROWELL, C. J., MUNSON, WATSON, HASELTON, and POWERS, JJ.

Opinion filed June 14, 1913.

*Dogs—License—Collar—Name of Owner or Keeper.*

Under P. S. 5623, requiring that the owner or keeper of a dog shall have it licensed, and that it shall wear a collar marked with the name of "the owner or keeper and its registered number," the quoted phrase allows the collar to be marked with the name of either the owner or the keeper, regardless of whether the dog was licensed in the name of the one or the other.

TRESPASS for killing plaintiff's dog. Plea, the general issue with notice. Trial by jury at the December Term, 1912, Windsor County, *Taylor,* J., presiding. Verdict and judgment for the plaintiff. The defendant excepted.

On April 1, 1910, plaintiff was a resident of Boston, Mass., and never resided in this State. He had a dog that was kept by S. R. Hazen at Hartford, Vermont. Defendant admitted the killing of the dog on November 7, 1910, on her farm in Norwich, Vermont. It appeared that the dog was numbered, described, and licensed in the office of the clerk of said town of Hartford for one year from April 1, 1910; and that the "dog license" duly issued by that clerk showed the register number to be 41, and certified "that C. H. Demick, the owner or keeper of a dog in this town and described as follows:" etc., had paid the required fee "and caused said dog to be registered, numbered, and described as above, and the same is hereby licensed for one year from April 1, 1910."

The collar that plaintiff's evidence tended to show was worn by the dog when it was killed was marked "S. R. Hazen, No. 41," and was received in evidence subject to defendant's exception and against her objection, "that inasmuch as the record at the town clerk's office was: 'C. H. Demick as owner or keeper, No. 41,' it was not in compliance with the law to

have the dog wear a collar marked S. R. Hazen, No. 41," insisting that the collar "must bear the same name as the registry." And the same question was reserved by an exception to the overruling of defendant's motion for a directed verdict, based on the objection above stated.

*Davis & Davis* for the defendant.

*Raymond Trainor* for the plaintiff.

WATSON, J.  By V. S. 4821, "the owner or keeper of a dog more than eight weeks old shall, annually, on or before the first day of April, cause it to be registered, numbered, described, and licensed for one year from such first day of April, in the office of the town clerk wherein such dog is kept, and shall cause it to wear a collar, distinctly marked with the owner's name and its registered number," etc.  Under the provisions of this statute it mattered not whether the dog was caused to be registered and licensed by the owner or by the keeper, it must wear a collar marked with the owner's name and its registered number. The law of this section was amended by No. 97, Acts of 1900, to read as appears in P. S. 5623.  The only change made in the part quoted above was to provide that the licensed dog shall wear a collar marked with the name of "the owner or keeper, and its registered number."  After the amendment, the same as before, the collar could lawfully be marked with the name of the owner, regardless of whether the dog was registered and licensed in the name of the owner or in that of the keeper.  In the provision of the Act of amendment, that the collar shall be marked with the name of the "owner or keeper," the word "or" is a coordinating particle, giving the alternative to mark the collar with the name of either, according to choice; and each of the coordinated terms is, in force, the equivalent of the other.

The dog killed was registered and licensed in the name of the owner.  When killed it was wearing a collar distinctly marked with the name of the keeper, and its registered number, —all in compliance with the statute.  It follows that each of the exceptions saved is without force.

*Judgment affirmed.*