C. R. SAPP, NETTIE SAPP, HIS WIFE, J. A. HOWE, CONSOLIDATED NAVAL STORES COMPANY, A CORPORATION, AND S. J. FUTCH, *Appellants,* v. THE FEDERAL LAND BANK OF COLUMBIA, A CORPORATION, *Appellee.*

Division B.

Opinion Filed March 7, 1925.

Service of summons in chancery is made as required in Section 2599, Revised General Statutes of Florida, which is by reading it "to the person to be served, or by delivering him a copy thereof, or by leaving such copy at his usual place of abode with some person of the family above fifteen years of age, and informing such person of the contents thereof."

An Appeal from the Circuit Court for Bradford County.

Amos Lewis, Judge.

Decree affirmed.

*A. Z. Adkins,* for Appellants;

*E. M. Johns,* for Appellee.

TERRELL, J.—The Federal Land Bank of Columbia, South Carolina, secured a final decree in the Circuit Court of Bradford County, Florida, foreclosing a mortgage against C. R. Sapp, Nettie Sapp, his wife, J. A. Howe, The Lawtey National Farm Loan Association and Consolidated Naval Stores Company.

This appeal is taken as to defendants J. A. Howe and Consolidated Naval Stores Company, the sole assignment of error being that the service and return on the summons in chancery as to said defendants is not in compliance with

the statutes of this State regulating such service and return in that at the time of said service it does not appear that the original summons was shown to said defendants or the contents thereof explained to them, neither does said return show that on the copy of the summons served there was endorsed the name of the court from which issued the title of the cause, the name of complainants' solicitor or the words "copy of summons."

As provided in Section 3110, Revised General Statutes of Florida, 1920, service of summons in chancery is made as required in Section 2599, Revised General Statutes of Florida, which is by reading it "to the person to be served, or by delivering him a copy thereof, or by leaving such copy at his usual place of abode with some person of the family above fifteen years of age and informing such person of the contents thereof."

Inspection of the return shows that as to J. A. Howe copy of the original summons was delivered to him personally, and as to Consolidated Naval Stores Company copy of the original summons was delivered to its vice-president R. L. Ivey. It was not therefore necessary to show or read the original summons to said defendants or explain to them the contents thereof. The statute in other words provides three methods of serving process, all marked by the co-ordinate conjunction "or" which signifies an alternative. So the contents of the summons has to be explained *only* when service is made by leaving a "copy at his usual place of abode with some person of the family above fifteen years of age."

As to the contention that the copy of the summons served on or delivered to defendants did not have endorsed thereon the name of the court from which issued, the title of the cause, the name of complainant's solicitor or the words "copy of summons," it is not made to appear from the

record that such "copy" was before the chancellor, neither is it brought here for review. As against the presumption that they were properly endorsed, this court cannot say that error is made to appear.

For the reasons herein stated the decree of the court below is affirmed.

WHITFIELD, ELLIS, BROWNE AND WEST, J. J., concur.