19941. PERRY *v.* PERRY.

848

Argued January 13, 1958—Decided February 7, 1958—
Rehearing denied March 7, 1958.

*A. J. Whitehurst, Whelchel & Whelchel,* for plaintiff in error. *Franklin, Eberhardt, Barham & Coleman, William H. Riddlespurger,* contra.

Mobley, Justice. ■ By her motion to dismiss and general demurrer, the defendant contends that the petition, seeking change of a prior final decree awarding custody of the child in the divorce action, and praying for the usual process of the court, requiring answer, is not authorized by the law of this State. The plaintiff had previously filed a petition to modify or amend the decree as to custody in the original case, and, on review of the judgment of the trial court, this court, in *Perry v. Perry,* 212 *Ga.* 668(2) (95 S. E. 2d 2), held that jurisdiction of the subject matter of custody would not continue in the trial court "because of the original action, and could not be invoked by a petition or

motion filed in that case to amend or modify the original judgment, but could be invoked only by the filing of a new and independent action or habeas corpus . . ." It was after that decision that this petition was filed. While a proceeding seeking change of custody alone should be brought by habeas corpus, as provided by Code §§ 50-121 and 74-107, as amended, or by a proceeding in the nature of a habeas corpus (independent of the original proceeding awarding custody), directed to the trial judge, who alone has jurisdiction of custody matters, with rule nisi ordering the party against whom the proceeding is brought to show cause why the prayers of the petition should not be granted (*Perry* v. *Perry*, supra)—the instant case presents an independent action seeking not only a change of custody but also modification of the original judgment awarding alimony. An act of the General Assembly of 1955 (Ga. L. 1955, p. 630) authorized the revision of a judgment granting permanent alimony upon a petition filed by the father or mother showing a change in the income and financial status of the father and provided that "such petition shall be filed and returnable under the same rules of procedure applicable to divorce proceedings. Such petition shall be filed in the same county in which the original judgment was granted." This proceeding for modification of the alimony judgment is in the form prescribed by that act and is an alimony case within the meaning of the Constitution giving this court jurisdiction of divorce and alimony cases. Code (Ann.) § 2-3704. In divorce and alimony cases, the court has jurisdiction of the question of the custody of the minor children of the parties (*Burton* v. *Furcron*, 207 *Ga.* 637, 63 S. E. 2d 650; *Hanson* v. *Stegall*, 208 *Ga.* 403, 67 S. E. 2d 109), and in an action for alimony the wife may seek custody of minor children (*Breeden* v. *Breeden*, 202 *Ga.* 740 (4) (44 S. E. 2d 667); and the judge of the superior court has the authority to award their custody in such proceeding (*Brown* v. *Cole*, 196 *Ga.* 843, 846, 28 S. E. 2d 76). Therefore, it was proper, in this petition, to seek modification of the alimony judgment and change of custody of the minor child of the parties; and the petition is not subject to the objection made by plaintiff in error that the law did not authorize this proceeding.

■ To show a change affecting the best interest of the child, which would authorize a change in custody, the petitioner relies upon allegations in the petition that, during the time he was deprived of any opportunity to be with or see his son, his wife poisoned his mind against the petitioner, implanted a fear of his father in the mind of the child, and persuaded the child, when he came to visit the petitioner on Saturdays of each week, to bring his own lunch with him and to refuse to eat at the table of his father, under the delusion that the food might be poisoned; and upon the further allegations that, at the time the award of custody was made to the wife with the right of the father to have his son visit him on Saturdays, the petitioner was in a poor state of health as a result of a nervous and mental breakdown; and that, since the judgment awarding custody, he has recovered his health and there has been a complete recovery from his mental and nervous condition. In discussing whether the poisoning of the mind of a child by the mother against the father would constitute such change in conditions as to authorize a change of custody, this court, in *Fuller* v. *Fuller*, 197 *Ga.* 719, 725 (30 S. E. 2d 600), had this to say: "It could be forcibly urged that for another to implant in the mind of an immature child the idea that he must not love his father, that the latter is unworthy of such affection, is a matter of serious import, the tendency of which would be to deprive a child of that affection, confidence in, and respect which he should have for his father; and to deprive such child, particularly a male child, of the hope that at sometime or other he might have the companionship of his father, and the latter's guiding hand. In God's economy a child has to have a father, and this is not merely that there be someone to provide the former with food, raiment, and shelter. There are certain intangible benefits besides these which every normal child is entitled to receive from his father, growing out of the relationship, which can not be furnished when the child is poisoned against the parent. These intangibles spring from affection, mutual affection, and have no existence when the child is made to believe that his father is unworthy of his love. Is it to the interest and welfare of the child that he should grow up under the belief that, unlike most other children, his own father if

appealed to, could not be trusted to suggest, advise, and admonish him in the light of his own knowledge and experience? That his own father was unworthy of his love and confidence, or even his respect? Would not the implanting of such a view ordinarily have a tendency to cause a child embarrassment and tend to cause him to develop abnormally?"

While the question was not there decided, we are of the opinion that the reasoning of the court is sound, and that proof of such conditions would constitute cogent circumstances, which the court in the exercise of its discretion would be authorized to consider in passing upon a petition to change custody based thereon.

While, prior to the amendment of Code §§ 30-127 and 74-107 by an act of the legislature approved March 13, 1957 (Ga. L. 1957, p. 412), under decisions of this court it had been held that a change of custody of minor children based on a change in circumstances affecting the welfare of the children must be predicated upon changed circumstances relating to the person to whom the original award was made (*Perry* v. *Perry*, 212 *Ga.* 668, supra; *Young* v. *Pearce*, 212 *Ga.* 722, 95 S. E. 2d 671, and cases cited) (though there have been expressions indicating that a broader basis of investigation might be considered: *Handley* v. *Handley*, 204 *Ga.* 57, 59, 48 S. E. 2d 827), the act of 1957 authorized the trial judge, in the exercise of his discretion in the awarding of custody, to consider improvement in the health of the person seeking a change of custody. Under this amendment the trial judge in the instant case would be authorized to consider the questions raised by the allegations as to an improvement in the health of the father since the original award of custody, insofar as such might affect the best interest and welfare of the child. In our opinion, such allegations and those treated in the first paragraph of this division of the opinion were sufficient to set out a cause of action to change custody of the child involved, and the trial court did not err in overruling the general demurrer to the petition.

No attack was made on the constitutionality or validity of the act of 1957, supra, in the trial court by the pleadings or otherwise. "This court will not pass upon the constitutionality of an act of the General Assembly, unless it clearly appears in the

852

record that the point was directly and properly made in the court below and distinctly passed on by the trial judge. *Yarbrough* v. *Georgia Railroad & Banking Co.*, 176 *Ga.* 780 (168 S. E. 873)." *Huiet* v. *Dayan*, 194 *Ga.* 250(1) (21 S. E. 2d 423); *Manufacturers Trust Co.* v. *Wilby-Kincey Service Corp.*, 204 *Ga.* 273 (49 S. E. 2d 514).

■ Prior to the passage of the act of the legislature approved March 9, 1955 (Ga. L. 1955, p. 630), a judgment awarding permanent alimony could not be changed or revised. *Burch* v. *Kenmore*, 206 *Ga.* 277 (56 S. E. 2d 508), and cases there cited. The act of 1955 provides as follows: "The judgment of a court providing permanent alimony for the support of a wife or child or children, or both, shall be subject to revision upon petition filed by either the husband or the wife showing a change in the income and financial status of the husband." The plaintiff here prays for a "proper adjustment" of the alimony decree providing support for the child, "taking into account the fact that during the time the child is in plaintiff's custody plaintiff will be providing his full support."

The act provides that there may be a revision of a judgment providing permanent alimony upon "showing a change in the income *and* financial status of the husband." We are of the opinion that the legislature did not intend to require a showing of a change in both "income and financial status," but rather a change in the husband's income "or" financial status. Clearly, what the legislature did intend was that the original judgment could be revised upon a change in the husband's ability to pay, and there might be a change in his ability to pay by reason of a change in his financial status without any actual change in his income. "It is laid down as a rule of law that, in order to carry out the intention of the legislature, it is sometimes found necessary to read the conjunctions 'or' and 'and' one for the other. They may be used interchangeably where it may be necessary to carry out the intention of the legislature. See the following cases: State *v*. Brandt, 41 Iowa 593; State *v*. Myers, 10 Id. 448; People *v*. Sweetser, I Dak. 308; Fowler *v*. Padget, 7 T. R. 509; Reeks *v*. Mortlake, 6 East 37; Rolland *v*. Commonwealth, 82 Pa. St. 306, 326; Vance *v*. Grey, 9 Bush (Ky.) 656; Common-

wealth *v.* Harris, 13 Allen 534, etc., etc. See also Endlich on Interpretation of Statutes, §§ 303, 304, and 305, and cases cited." *Clay* v. *Central R. & Bkg. Co.,* 84 *Ga.* 345, 348 (10 S. E. 967). In order to carry out what we interpret to be the intention of the legislature in this act, we read the word "and" as "or", and the word "or" is substituted for "and" between the words "income" and "financial status" in said statute.

We are of the opinion that, if custody of the child should be changed from the mother to the father, who would then provide for its support, this would be such a change in his financial status as would authorize a revision of the judgment which provided permanent alimony to the wife for the child's support. Accordingly, since the petition stated a cause of action for a change in custody, it also states a cause of action for modification of the alimony judgment.

The contention of the plaintiff in error that the act of 1955 (Ga. L. 1955, p. 630) became effective after the judgment for alimony in this case became final, and therefore would not be applicable in this case, under the ruling in *Anthony* v. *Penn,* 212 *Ga.* 292 (92 S. E. 2d 14), where it was held that said act did not apply to alimony judgments rendered prior to the passage of the act, is without merit. The act was approved March 9, 1955. The record in this case shows that the original judgment awarding custody and permanent alimony was entered on June 23, 1954. But, upon a petition of the wife to modify that judgment, filed in accordance with Code § 30-101 (as said section appeared at that time), a final judgment was not entered in this case until May 23, 1955, which was subsequent to the passage of the act permitting modification of alimony judgments. At the time the original judgment was entered in this case, Code § 30-101 (since repealed by Ga. L. 1956, p. 405) specifically provided that a verdict or judgment authorizing a total divorce and permanent alimony would not become final for a period of 30 days after the rendition thereof, but, at the expiration of said period of 30 days, would become of full force and effect *unless a petition to modify same was filed by some party at interest.* The defendant having filed a petition to modify and set aside the original judgment in accordance with the provisions of the Code, and

such petition having been sanctioned and the original judgment modified on May 23, 1955, it is clear that the judgment awarding custody and alimony in this case under these facts did not become final until the rendition of the latter judgment.

■ The special demurrers to paragraphs 4, 5, 6, 7, 8, 9, 10, and 14 are without merit. Each of the paragraphs alleges facts and circumstances as to the condition of the health of the father at the time of the original award of custody. Such facts are germane to the question of whether there has been any improvement in his health between the time of the original award and the time of filing the petition seeking a change of that prior judgment.

■ The special demurrers to paragraphs 15, 16, and 25 are without merit, as these paragraphs allege facts as to the condition of the health of the petitioner at the time of filing the petition, and are germane and relevant to the issues.

■ After careful consideration of the remaining special demurrers, we are of the opinion that they are without merit.

*Judgment affirmed. All the Justices concur.*