17433

SOUTH CAROLINA ELECTRIC & GAS COMPANY, Respondent, v. O. W. LIVINGSTON, J. A. CALHOUN, J. W. CRAIN, F. M. PINCKNEY, J. H. SULLIVAN, as the South Carolina Tax Commission, Appellants.

(104 S. E. (2d) 168)

*Messrs. T. C. Callison, Attorney General,* and *James M. Windham, Assistant Attorney General,* of Columbia, *for Ap-*

*pellants,*

*Messrs. Arthur M. Williams, Jr., Cooper & Gary,* and *Gene V. Pruet,* of Columbia, *for Respondent,*

June 2, 1958.

STUKES, Chief Justice.

This is an action for the recovery of state income taxes for the years 1952-1955, both inclusive, which were paid under protest by respondent. From adverse judgment the Tax Commission has appealed.

The applicable statute is now Section 65-256 of the Code of 1952, which follows:

"The basis of ascertaining the net taxable income of every corporation engaged in the business of operating a steam or electric railroad, navigation company, waterworks company, light or gas company, power company, express service, telephone or telegraph business, sleeping car company or other form of public service, whether or not such company is required to keep records according to the standard classification of accounting of the Interstate Commerce Commission or the Federal Communications Commission, shall be the net operating income of such corporation computed in accordance with the present standard classification of accounts when their business is wholly within the jurisdiction of this State and, when their business is in part within and in part without the State, their net income within the jurisdiction of this State shall be ascertained by taking their gross operating revenues within this State, including in this gross operating revenues within the jurisdiction of this State the equal mileage proportion within the jurisdiction of this State of their interstate business, and deducting from their gross operating revenues the proportionate average of operating expenses or operating ratio for their whole business computed in accordance with the present Interstate Commerce Commission or the Federal Communications Commission standard classification of accounts. From the net operating income thus ascertained shall be deducted uncollectible revenue and taxes paid in this State for the income year, other than income taxes, and the balance shall be deemed to be their net income taxable under this chapter."

As its name indicates, respondent falls within this statute. Prior to 1952 it kept its records according to the standard of the Interstate Commerce Commission but thereafter adopted the accounting of the Federal Communications Commission which resulted in considerably less tax liability. Appellant contends that it is bound to follow the standard accounting of the Interstate Commerce Commission. However, the lower court held that respondent might shift from one to the other standard at its option.

The meaning of the statute unfolds in the light of its legislative history. It was first enacted in 1926 (35 Stat. at page 3) and applied to public service companies *when* they were required to keep records according to the standard classification of accounting of the Interstate Commerce Commission. An amendment of 1930 (36 Stat. at page 1393) provided for the express inclusion of power companies and gas and light companies and required that they should use the Interstate Commerce Commission's present standard classification of accounts to determine net income, *whether or not* they are required to keep their records according to that system of accounts. An amendment of 1943 (43 Stat. 272) inserted after the words "Interstate Commerce Commission", the words "and/or the Federal Communications Commission." It appears that the compiler of the 1952 Code omitted the "and/", which is, at least presently, of no importance.

Reason for the 1943 amendment is seen in the relevant federal legislation. An Act of Congress of 1934, known as the Federal Communications Act, 48 Stat. 1064, 47 U. S. C. A. Sec. 151 *et seq.,* provided for the separate regulation of interstate and foreign commerce in communication by wire and radio by a new commission known as the Federal Communications Commission, which was authorized to prescribe a system of accounts of the companies engaged in such commerce which were required to keep the prescribed accounts; and they were no longer subject to the jurisdiction of the Interstate Commerce Commission or required to keep the system of accounts prescribed by the latter.

The new Federal Communications Commission established a system of accounts for the companies subject to its jurisdiction, effective Jan. 1, 1936. *American Telephone & Telegraph Co. v. United States,* 299 U. S. 232, 57 S. Ct. 170, 81 L. Ed. 142. Thereafter the General Assembly of this State enacted the amendment of 1943 by inserting "or Federal Communications Commission", the obvious purpose of which was to require companies of this

state engaged in the commerce of communications, such as telephone companies, to keep their accounts in accord with the standard prescribed by the Federal Communications Commission. There is no logic or reason in, and naturally no precedent for, the contention that respondent was thereby enabled to change its accounting system to that of, say, a telephone company, to which its electric power and gas business bears no relation. The present alternative provision of Section 65-256 is to provide that companies engaged in the business of communications shall determine their income by means of the standard classification of accounting of the Federal Communications Commission; and the amendment of 1943 did not affect respondent, which is an altogether different sort of public service company. It is required to use the standard classification of accounting of the Interstate Commerce Commission.

It is clear to us that our conclusion accords with the legislative intent which is evidenced and expressed by the words of the statute, in the light of its history. Recourse to artificial rules in aid of statutory construction is unnecessary.

The decision of the lower court that respondent was within its rights in choosing the standard of accounts of the Federal Communications Commission to determine its taxable income is reversed.

The other question which is involved in the appeal is whether, irrespective of the system of accounting, respondent may deduct from its income taxes paid in this state. We think that the statute clearly authorizes deduction. It provides: "From the net operating income thus ascertained shall be deducted uncollectible revenue and taxes paid in this State for the income year, other than income taxes, and the balance shall be deemed to be their net income taxable under the chapter."

The controversy arises from the fact that the taxes in question, which are mainly unemployment compensation and Federal old age benefit contributions, were not charged by

the company to operating expenses but to a construction account, which appellants contend converted the tax payments into construction costs. However, the deduction authorized by the statute does not require that the taxes shall be treated by the taxpayer as operating expenses, so it may charge them on its books to construction without impairing its right under the statute to deduct them from income in order to determine net taxable income, which are the words of the statute. There is no room for construction; the statute is too plain. We therefore agree with the lower court in its disposition of this question, and that part of the judgment under appeal is affirmed.

Affirmed in part; reversed in part, and remanded for further proceedings consistent herewith.

OXNER, LEGGE and Moss, JJ., concur.

TAYLOR, J., dissents in part.

TAYLOR, Justice (dissenting in part).

I would affirm the Order appealed from. The controlling Section, 65-256, South Carolina Code of Laws, 1952, provides that the basis for determining the net taxable income of corporations, such as Respondent, is the net operating income of such corporations computed in accordance with "the standard classification of accounting of the Interstate Commerce Commission *or* the Federal Communications Commission * * *". (Emphasis ours.)

The words of a statute must be given their plain meaning unless so doing would clearly defeat the lawmakers' intention. *South Carolina State Board of Dental Examiners v. Breeland,* 208 S. C. 469, 38 S. E. (2d) 644, 167 A. L. R. 221; *McCollum v. Snipes,* 213 S. C. 254, 49 S. E. (2d) 12; *Albergotti v. Summers,* 205 S. C. 179, 31 S. E. (2d) 129.

"Or" is traditionally a co-ordinating particle that marks an alternative, such as, "you may do either one of these things at your pleasure, but not both." Webster's New International Dictionary, Second Edition.

The decisions of the Courts construing the word "or" as conferring an alternative are numerous, a few being:

"Or" generally indicates an alternative corresponding to "either," as "either this or that"; that is to say either one or another. *Shepard v. City of New Orleans,* 51 La. Ann. 847, 25 So. 542; *Kuehner v. City of Freeport,* 143 Ill. 92, 32 N. E. 372, 17 L. R. A. 744.

The word "or" used in statute imports choice between two alternatives and as ordinarily used, means one or the other of two, but not both. *Marshall Field & Co. v. Freed,* 191 Ill. App. 619.

As used in its usual alternative sense, "or" usually designates one, but not both. *White v. Atchison, T. & S. F. Ry. Co.,* 125 Kan. 537, 265 P. 73, 59 A. L. R. 749.

The use of the word "or" in the statute which provides for three methods of serving processes where such methods are connected by "or" alternative methods are provided. *Sapp v. Federal Land Bank of Columbia,* 89 Fla. 240, 104 So. 601.

Of similar import are: *Ohio Fuel Supply Co. v. Paxton,* D. C. Ohio, 1 F. (2d) 622; *Beasley v. Parnell,* 177 Ark. 912, 9 S. W. (2d) 10; *Swift & Co. v. Bonvillain,* 139 La. 558, 71 So. 849; *Pompano Horse Club v. State,* 93 Fla. 415, 111 So. 801, 52 A. L. R. 51; *Tyson v. Burton,* 110 Cal. App. 428, 294 P. 750; *In re Jenkins' Estate,* 161 Misc. 359, 291 N. Y. S. 988; *J. L. Case Threshing Mach. Co. v. Watson,* 122 Tenn. 148, 156, 122 S. W. 974; *Denver Horse Importing Co. v. Schafer,* 58 Colo. 376, 147 P. 367; *Haskell & Barker Car Co. v. Kay,* 69 Ind. App. 545, 119 N. E. 811; *Vance's Adm'x v. Gray,* 9 Bush 656, 72 Ky. 656, *School Dist. No. 9 of Tulsa County v. Board of Com'rs of Tulsa County,* 138 Okl. 254, 280 P. 807; *Demick v. Boardman,* 87 Vt. 44, 87 A. 52.

It is not unusual for statutes to afford an alternative even in tax cases, and the fact that Respondent changed from the Interstate Commerce Commission classification to that of

the Federal Communications Commission is of no consequence as the statute does not require adherence to either method once adopted. If there be any ambiguity or doubt as to the meaning of the statute then such doubt should be resolved in favor of the taxpayer. *South Carolina Electric & Gas Co. v. Pinckney,* 217 S. C. 407, 60 S. E. (2d) 851. I would, therefore, affirm the Order appealed from.