## 22209.   KITCHIN v. KITCHIN.

Argued October 15, 1963—Decided November 7, 1963.

*William A. Hamilton, Claude E. Hambrick,* for plaintiff in error.

*Harry P. Hall, Jr., Westmoreland, Hall & Pentecost,* contra.

ALMAND, Justice. On April 16, 1961, Ruth Horn Kitchin, defendant in error (plaintiff in the trial court and so designated hereinafter), filed her petition against Houston Wyke Kitchin, plaintiff in error (defendant in the trial court and so designated hereinafter), for modification of a prior award of alimony for herself and the parties' minor child. The petition alleged a substantial increase in the income and financial status of the defendant since the granting of the final divorce and alimony award on June 13, 1958, which would authorize an upward revision of the permanent alimony award.

The case was tried before a jury on May 14, 1963, and the verdict of the jury, which was made the judgment of the court, increased the amount of alimony for the minor child from $150 per month to $250 per month, and for the plaintiff from $150 per month to $215 per month. The defendant subsequently filed a motion for new trial on three general grounds which he later amended by adding five additional grounds. The trial court overruled the defendant's original and amended motion for new trial and the defendant assigns error on that ruling.

At trial there were only two witnesses, the plaintiff and the defendant. The plaintiff did not testify that there had been an increase in the income and financial status of the defendant but relied upon the cross examination of the defendant and the introduction into evidence of the defendant's books, records and income tax returns. It was undisputed that at the time of the rendition of the original alimony decree of June 13, 1958, the defendant was engaged in the practice of medicine with a Dr. Beck at an annual salary of $10,800. The defendant testified that he went into practice for himself on August 1, 1958, and that his monthly income for the remainder of that year was less than it had been for the preceding seven months. He further testified that his annual income for 1959, 1960, and that part of 1961 up to April 26 (date of the filing of the petition) was less than it had been prior to the rendition of the original alimony award.

Defendant's income tax returns were introduced in evidence by the plaintiff and revealed the following: for 1958—gross income of $16,443.98, adjusted gross income of $10,460.77, and

taxable income of $6,832.89; for 1959—gross income of $27,759.12, adjusted gross income of $14,371.74, and taxable income of $9,827.15; for 1960—gross income of $29,429.52, adjusted gross income of $13,437.22, and taxable income of $8,436.44. Over the objection of the defendant, the court allowed the admission into evidence of the defendant's testimony on cross examination and certain of his financial records both of which revealed that the defendant had gross income from his practice of $29,436.48 for 1961 and $29,260.53 for 1962.

■ In the consideration of a petition for revision of a judgment providing permanent alimony for the support of a wife and child the only issue before the court is whether there has been a substantial change in the income and financial status of the husband so as to warrant either a downward or upward revision and modification of the permanent alimony judgment. Ga. L. 1955, pp. 630, 631 (*Code Ann.* § 30-221). This court has held that the legislature did not intend to require a showing of a change in both the income and financial status of the husband. "Clearly what the legislature did intend was that the original judgment could be revised upon a change in the husband's ability to pay, and there might be a change in his ability to pay by reason of a change in his financial status without any actual change in his income." *Perry v. Perry*, 213 Ga. 847, 852 (102 SE2d 534). In the instant case the jury found that there had been a change in the husband's ability to pay alimony for the support of the wife and child.

The defendant assigns error on the trial court's overruling of his original motion for new trial based on the general grounds that the verdict is "contrary to evidence and without evidence to support it," "decidedly and strongly against the weight of evidence," and "contrary to law and the principles of justice and equity."

The general grounds of a motion for new trial are addressed to the discretion of the trial judge. Where, as in this case, the trial judge has exercised the discretion vested in him by law and there is some evidence to support the verdict, the judgment overruling the motion for new trial based on the general grounds is not error. *Kendrick v. Kendrick*, 218 Ga. 460, 461 (128 SE2d

496). Though the defendant testified that his income had decreased since the original alimony decree, there was evidence, notably his income tax returns, which supported the jury's finding of a substantial increase in his ability to pay alimony. Thus, the trial court's overruling of a motion for new trial on the general grounds was not error.

■ Special grounds 4 and 5 of the defendant's amended motion for new trial complained of the admission, over the defendant's objection, of testimony regarding his income and financial status subsequent to the plaintiff's filing of her petition for modification. Defendant assigns error on the court's overruling of his motion for new trial on these grounds contending that the issue as formed by the pleadings was whether the defendant had a substantial increase in income and financial status from June 13, 1958 (date of the rendition of the original decree), to April 26, 1961 (date of the filing of the petition for modification). In support of this argument counsel for the defendant cite in their brief *Groover v. Simmons,* 163 Ga. 778, 780 (137 SE 237): "A fundamental rule of evidence is that a party is not permitted to prove matters which are not put in issue by his pleadings . . . 'The object of pleading is to notify the opposite party of the facts which the pleader expects to prove, and so it is that the allegation of such facts must be made with that certainty which will enable the adverse party to prepare his evidence to meet the alleged facts.' " We are in complete accord with this statement of the law. However, applying it to the facts of this case, we reach a conclusion different from that sought by the defendant.

By her petition the plaintiff put the defendant on notice that she intended to prove that there had been a substantial increase in his income and financial status. To limit evidence to the defendant's income and financial status at the time of the filing of the petition, over two years prior to the trial in the instant case, would have the effect of preventing a full and thorough examination of the real question in dispute, the husband's ability to pay alimony for the support of his wife and minor child, and could result in a serious miscarriage of justice. The court and jury should be able to consider at the time of the trial every relevant fact which will enable them to come to a fair and just

determination of the issue.

In *Wills v. Wills*, 216 Ga. 556 (3) (111 SE2d 355), the court held: "While the determination of the amount of alimony is controlled by no fixed standards, but rests upon the facts of the individual case, a husband's future earning capacity and future prospects are proper considerations as well as his lack of earning capacity." It would be folly for the law to allow the determination of an alimony award to be based on the consideration of a husband's future earning capacity and financial prospects, which are at best mere considered speculations, while at the same time denying the consideration of his actual income and financial status up to the time of trial, which are subject to proof as facts.

The trial court did not err in overruling the amended motion for new trial on grounds 4 and 5.

■ The remaining special grounds 6, 7 and 8 of the defendant's amended motion for new trial complained of the admission over defendant's objection of documentary evidence which were the defendant's business and financial summaries for each of the months from January 1, 1961, to December 31, 1962. The defendant objected to the admission of any evidence regarding his income and financial status subsequent to the filing of the petition for modification and objected further to any evidence which showed his gross income on the ground that gross income is not a fair criterion of financial status or of increase or decrease in income. Defendant assigns error on the court's overruling of his motion for new trial on these grounds.

Since we have dealt with the question of the admissibility of evidence of the husband's income and financial status up to the time of the trial in Division 2 of the opinion, it is now necessary to consider only the question of whether evidence of the defendant's gross income was admissible.

As stated above, the act of the legislature establishing the procedure for the revision of a judgment for permanent alimony provides that the sole issue before the court is ". . . whether there has been such a substantial change in the *income* and financial status of the husband as to warrant either a downward or upward revision and modification of the permanent alimony judgment." Ga. L. 1955, pp. 630, 631 (*Code Ann.* § 30-221). (Em-

phasis added.) The cardinal rule on the admission of evidence is that it must be relevant. "The evidence must relate to the questions being tried by the jury and bear upon them either directly or indirectly . . ." *Code* § 38-201. Since the sole question under consideration in this case is whether there has been a substantial increase in the defendant's income and financial status, it is difficult to see how any evidence could be more relevant, could bear more directly on the question tried by the jury, than evidence of the defendant's gross income. While we must agree with the defendant that knowledge of his gross income does not by itself provide a full and complete revelation of his ability to pay alimony, we can not agree that such evidence was inadmissible.

The trial court did not err in overruling the amended motion for new trial on grounds 6, 7 and 8.

*Judgment affirmed. All the Justices concur.*