## 25447. HEIDT v. HEIDT.

ALMAND, Chief Justice. This appeal is from an order reducing the alimony and child support payments of the husband, William Bartow Heidt, to his wife, Irene Sharman Heidt.

The parties in this case were divorced on December 26, 1966. The terms of the divorce decree required the husband to pay $300 a month for the support of Janet Kathleen Heidt, and $300 a month in alimony payments to his wife. The decree also required the husband to pay $1,800 per year for the educational expenses of Constance Heidt.

On April 3, 1969, the husband filed a petition seeking to reduce the alimony and child support payments. The case was tried before a jury, and a verdict was awarded to the husband. In that verdict, the alimony payments were reduced by 50 percent; and the child support payments for Janet Kathleen Heidt were reduced to $250 per month.

From this verdict, Mrs. Heidt brings her appeal and enumerates as error: (1) the overruling of her motion for a directed verdict, and (2) the entering of a judgment on the jury verdict. *Held:*

There is only one substantial question in this case, namely, whether or not the jury verdict is supported by the evidence.

The standard to be applied in these situations is clearly set out in the full bench decision of *Kitchin v. Kitchin,* 219 Ga. 417, 419 (133 SE2d 880): "Where, as in this case, the trial judge has exercised the discretion vested in him by law and there is some evidence to support the verdict, the judgment overruling the motion for new trial based on the general grounds is not error. [Citation omitted.] Though the defendant testified that his income had decreased since the original alimony decree, there was evidence, notably his income tax returns, which supported the jury's finding of a substantial increase in his ability to pay alimony." This case establishes the minimum standard that there need only be "some evidence" to support the decision of the trial judge in denying a motion for a new trial on the general grounds, in cases of this kind. That standard is clearly met by the evidence in this case.

The testimony showed that according to the 1966 federal income tax returns filed by the husband, his net income in that year was $12,874.48. According to the husband's 1968 federal income tax return, his net income was $8,505.02.

Thus it can be seen that the case at bar is remarkably similar to the *Kitchin* case. In both cases, the jury chose to believe evidence contained in the income tax returns of one of the parties in opposition to conflicting sworn testimony. The evidence supports the jury verdict as clearly in the case at bar as it did in the *Kitchin* case.

There is, however, one final problem which should be dealt with in this case. A full bench decision of this court has held: "In order to determine whether there has been such a change in the financial condition of the father as to permit a modification of a permanent alimony judgment, a comparison must be made between his financial status as of the time of the original decree *and the time of the trial* determining whether such a revision is warranted." (Emphasis supplied). *Gallant v. Gallant,* 223 Ga. 397 (156 SE2d 61). Appellant urges that the underscored portion of this opinion means that in order to recover in cases of this nature, the petitioner must show the jury that his income or financial status at the time of the trial has deteriorated from its position at the time of the divorce decree.

This is a correct statement of an abstract principle of law. We, cannot, however, agree with the way in which the appellant

suggests that this principle should be applied. In cases of this sort, the jury is asked to determine or gauge the ability of the husband to meet the continuing obligation of an alimony award. Clearly, this ability is not to be determined solely by the husband's income or financial status on the exact day of the trial. A man's income may vary widely from day to day or week to week. The *Gallant* case simply holds that any relevant evidence concerning a man's income or financial status up to the time of the trial is admissible. It certainly does not restrict the consideration of the jury to the husband's income or financial status to the day of the trial alone.

There was testimony in this case which tended to show that the husband's income in 1969 was from entirely different sources from his income in 1968; and that his current income was a good deal higher than his income in 1968. This evidence, while admissible, created only a jury question.

The trial court did not err in denying appellant's motion for a directed verdict and entering a judgment on the jury verdict.

*Judgment affirmed. All the Justices concur.*

ARGUED OCTOBER 14, 1969—DECIDED NOVEMBER 12, 1969.

*Malone, Drake & Malone, Thomas Wm. Malone,* for appellant.

*Eugene Black, John H. Hayes,* for appellee.