## 26934. RIDINGS v. RIDINGS.

SUBMITTED JANUARY 10, 1972—DECIDED FEBRUARY 11, 1972.

*Owens, Littlejohn, Gower & Pugh, F. Houser Pugh, J. Walter Owens,* for appellant.

*Kelly, Champion & Henson, Ray L. Allison,* for appellee.

MOBLEY, Presiding Justice. Henry B. Ridings brought a verified complaint against his former wife, Kathryn C. Ridings, seeking a reduction of an alimony award. Mrs. Ridings filed a verified answer, denying some of the allegations of the complaint, and a motion to dismiss the complaint. Thereafter she filed a motion for summary judgment, asserting that there is no genuine issue as to any material fact and that the defendant is entitled to a judgment of dismissal as a matter of law. The motion for summary judgment was granted and the complaint dismissed. The appeal is from that judgment.

The record cóntains a stipulation by counsel for both parties that neither party introduced any evidence by deposition, interrogatory, affidavit, or oral testimony, on the hearing of the motion for summary judgment.

The complaint of the husband alleged that at the time of the trial he was unemployed but that just prior to the trial he was earning a net amount of $800 per month. He alleged that he was unemployed for 27 weeks, is now earning a net amount of $76.26 per week, and that a substantial and material decrease has occurred in his income and financial status since the date the alimony decree was rendered.

In considering the question of revision of a judgment for permanent alimony because of a change in the income or financial status of the husband, his ability to pay alimony

at the time of the trial is not to be determined as of the exact day of the trial or the day the judgment was entered. *Knox v. Knox,* 225 Ga. 481 (2) (169 SE2d 805); *Heidt v. Heidt,* 225 Ga. 719 (171 SE2d 270). In awarding alimony in this case the jury must have based its finding on the husband's ability to earn as evidenced by his earnings before his discharge. The complaint alleged a substantial reduction in income from that received prior to the alimony award, and stated a claim on which relief could be granted.

The pleadings of the parties made a genuine issue of fact for decision by a jury, and the trial judge erred in granting the wife's motion for summary judgment.

*Judgment reversed. All the Justices concur.*