## 29506. LIVSEY v. LIVSEY.

GUNTER, Justice.

This appeal arises from a proceeding pursuant to Code Ann. § 30-220 to modify an award of child support. The parties were divorced in October, 1969. The decree awarded $150 per month as support for three minor children. Appellee originally filed her petition for an increase in child support in November, 1971. Appellant moved to dismiss on the ground that appellee had waived

any right to modification in their settlement agreement. The motion was denied. This court affirmed on an interlocutory appeal. *Livsey v. Livsey,* 229 Ga. 368 (191 SE2d 859) (1972). After further proceedings, the case was tried before a jury in May, 1974. A verdict was returned for appellee which increased child support to $225 per month. Judgment was entered on the verdict.

Appellant argues that the evidence was insufficient to support the verdict and that a portion of the court's charge to the jury was erroneous.

The question before the jury under Code Ann. § 30-221 was whether there had been a substantial change in appellant's ability to pay. *Perry v. Perry,* 213 Ga. 847 (102 SE2d 534) (1958). Such a change may be shown by decreased financial obligations or other changed conditions even where there has been no increase in income. *Perry v. Perry,* supra; *Kitchin v. Kitchin,* 219 Ga. 417 (133 SE2d 880) (1963). In the case at bar, the evidence showed that, from the time of the divorce to the time of trial, appellant's income increased from $640 to $700 per month. Furthermore, the evidence showed that appellant was living in a home owned by his second wife and had the use of a motor vehicle supplied by her. There was evidence from which the jury could find both increased income and decreased expenses. The evidence supported the verdict. Compare *Butterworth v. Butterworth,* 227 Ga. 301, 306 (180 SE2d 549) (1971); *Rolader v. Pendleton,* 231 Ga. 16 (200 SE2d 108) (1973).

At the conclusion of the evidence, the court charged the jury: "The financial status of the husband, the value of his property, his estate, his income, the resources with which he procures income, the extent of his earning capacity, his training and his ability, and income of his present wife, if any was shown, all are factors which should be considered if the evidence revealed such to you." Appellant excepted to the portion of the charge which permitted the jury to consider "income of his present wife, if any was shown." It has been said in a modification proceeding: "Obviously, plaintiff is not entitled to take advantage of the earnings of defendant's new wife." Druck v. Druck, 103 NW2d 123 (Minn. 1960). There is, however, other authority indicating that the new wife's

separate estate or income is sometimes relevant to the husband's ability to pay. "The fact that a divorced father has remarried may be considered in increasing, or refusing to decrease, the amount of child support payments, where as a result of such remarriage he has gained financial benefit from his second wife's earnings or property." Annot., 89 ALR2d 106, 126. See also Annot., 18 ALR2d 10; 89 ALR2d 7. Compare *Johnson v. Still,* 225 Ga. 222 (167 SE2d 646) (1969) (where ex-husband defended in modification proceeding by showing that he had stepchildren in his home, it was error not to allow plaintiff to show separate income of stepchildren.).

We conclude that it is unnecessary to squarely decide when a second wife's separate income will be relevant in a modification proceeding. Appellee neither pleaded nor proved her case on the basis of the present wife's income. The only indication in the record as to the present wife's income is a joint federal income tax return filed by her and appellant for the calendar year 1971. During that year, her income was derived primarily from work as a secretary.

During 1972 and 1973, she no longer worked as a secretary but operated a construction business in which appellant worked as a construction supervisor. There is no evidence in the record as to her income during those years. Under these circumstances, the language in the charge enumerated as error, which is only a small part of an otherwise full and fair charge, is not likely to have prejudiced appellant.

*Judgment affirmed. All the Justices concur, except Jordan, Ingram and Hall, JJ., who dissent.*

ARGUED JANUARY 17, 1975 — DECIDED MARCH 18, 1975 — REHEARING DENIED APRIL 1, 1975.

*McCurdy & Candler, George H. Carley,* for appellant.

*Taylor, Morris & Sullivan, Roy M. Sullivan, R. Wayne Pressley,* for appellee.