## 29933. SPIVEY v. SCHNEIDER.

HALL, Justice.

Remer Jack Spivey appeals from the judgment of the Fulton Superior Court revising upward the amount of permanent child support which he is ordered to pay for the four children of his previous marriage to appellee Janette Schneider.

The parties were divorced in December of 1964 and prior to the filing of Mrs. Schneider's petition for alimony modification had proceeded under an agreement embodied in the divorce decree requiring that Mr. Spivey pay as child support the sum of $145 per month for the four children of whom Mrs. Schneider was awarded custody, that amount being $36.25 per child per month. At the December, 1974 hearing on her petition, Mrs. Schneider testified that as of the hearing date the children were aged 17, 16, 15 and 13, and her expenses for their support totaled $953.14 per month, having greatly increased as the children grew older. Following the presentation of evidence concerning Mrs. Spivey's financial condition at the time of the divorce and at present, the court sitting without a jury ruled that a material change of circumstances justifying an increased award under Code Ann. § 30-221 had been shown. The court then awarded $35 per week per child commencing December 6, 1974, to continue until each child reached 21 years, became self-supporting or married. The court additionally ordered Mr. Spivey to pay $500 attorney fees to Mrs. Schneider's attorney and to pay all costs and expenses incurred by her in prosecuting the litigation. This is Mr. Spivey's appeal.

1. Enumeration 1 invoking Code Ann. § 30-225.1 (1) is without merit because we have previously ruled that Code section unconstitutional. *Duncan v. Medlin,* 226 Ga. 118 (172 SE2d 672); *Bugden v. Bugden,* 224 Ga. 517 (162 SE2d 719).

2. In his enumerations of error numbers 2 and 6

Spivey argues that no material change in his financial condition was shown. The testimony at the hearing was that at the time of the divorce in 1964 he earned approximately $800 per month from his employment by a pest control company; the couple owned no real property, stocks, bonds nor savings; he belonged to no country or social clubs; and he had no business interests other than his employment. By contrast, at the time of the hearing he was being supported in a state approaching idleness by a subsequent wife who paid for their food, clothing, and other expenses out of her own pocket and out of the income of two companies in which she was the sole stockholder. One company was a pest control service and one was a lawn and garden service enterprise. The evidence would suggest that the pest control company, which operated under Spivey's license and which was organized during a period of time in which Spivey was contractually prohibited from competing with his former employer in the pest control business, was organized with his wife as the sole stockholder to seek to avoid contract problems. Nonetheless his wife put in full time work as the manager of the company and testified that he really did no significant work at all because he did not have to since she was happy to support him. There was no evidence at all that Mr. Spivey was disabled from active employment.

Financial records showed that in 1973 his wife drew $16,000 from the pest control company and he drew $9,100. His draw stopped entirely around September, 1973, when he first learned that the instant petition was to be filed, though his testimony was that financial hard times for the company stopped his draw. When his draw stopped, his wife's doubled. The prior year, 1972, she drew about $16,000 and he drew $12,250. The records further showed that he provided the C. & S. Bank of Sandy Springs a document purporting to be his 1974 financial statement which showed an annual salary as "president" and "owner" of the pest control company of $25,000 and a net worth of $374,020. He provided the bank a 1972 financial statement showing the same salary and a $262,000 net worth. His testimony at the hearing was that the statements did not reflect his financial position but reflected his wife's, though he admitted that he signed

them and represented them as his own in connection with seeking a loan for the purchase of a lot in a neighborhood with a minimum permissible dwelling value of $85,000. The loan was granted and the lot was purchased in his name, though he testified that his wife put up the money and made him a present of it. Spivey's testimony was that he had no income for 1974 and had been supported by his wife, though there was additional testimony that they were living at least in part off the proceeds of various of his life insurance policies which they had cashed in when hard economic times for their companies arrived. Neither husband nor wife personally owned a car, though she drove a 1973 Chrysler Imperial furnished by the company, which also furnished him an air conditioned "Suburban" truck.

The record supported the superior court's decision that a material change in circumstances had occurred. The appropriate test in this connection, that there must be "some evidence" to support the decision of the trial judge (*Heidt v. Heidt,* 225 Ga. 719, 720 (171 SE2d 270)), is met in this case. As we recently wrote in *Livsey v. Livsey,* 234 Ga. 53, 54 (214 SE2d 520), "The question before the jury under Code Ann. § 30-221 was whether there had been a substantial change in appellant's ability to pay. *Perry v. Perry,* 213 Ga. 847 (102 SE2d 534) (1958). *Such a change may be shown by decreased financial obligations or other changed conditions even where there has been no increase in income. Perry v. Perry,* supra; *Kitchin v. Kitchin,* 219 Ga. 417 (133 SE2d 880) (1963). In the case at bar, the evidence showed that, from the time of the divorce to the time of trial appellant's income increased from $640 to $700 per month. Furthermore, the evidence showed that appellant was living in a home owned by his second wife and had the use of a motor vehicle supplied by her. There was evidence from which the jury could find both increased income and decreased expenses. The evidence supported the verdict. Compare *Butterworth v. Butterworth,* 227 Ga. 301, 306 (180 SE2d 549) (1971); *Rolader v. Pendleton,* 231 Ga. 16 (200 SE2d 108) (1973)." (Emphasis supplied.)

3. Mr. Spivey's enumeration of error 3 is correct that Georgia law does not permit the award of attorney fees to

the former wife when it is she, and not her former husband, who seeks a modification of the alimony award. Code Ann. § 30-223; *Griffin v. Griffin,* 226 Ga. 781, 783 (177 SE2d 698); *Nelson v. Roberts,* 217 Ga. 613, 614 (124 SE2d 85). There is no merit in Mrs. Schneider's contention here that the cited decisions constitute an abridgment of the constitutional rights of minor children. The superior court erred in awarding $500 attorney fees to Mrs. Schneider, and this portion of the court's order will be stricken. However, Mr. Spivey makes no attack upon the award to Mrs. Schneider of the other expenses of litigation, and that award will be affirmed.

4. Enumerations of error 4 and 6, urging error in the ruling of the superior court that the child support shall continue until the children reach 21 unless otherwise terminated, is without merit. Though the law at present states that majority is 18 years (Code Ann. § 74-104), at the time of the divorce majority was 21 years (see 1972 Ga. L. pp. 193, 194). The superior court correctly continued the spirit of the original agreement which provided support until the child "became of age," in accordance with Code Ann. § 74-104.1.

5. Though Mr. Spivey failed to file the supersedeas bond required by the superior court in connection with this appeal, that failure is not a proper ground for the dismissal of his appeal, as is well explained in *Defee v. Williams,* 114 Ga. App. 571 (151 SE2d 923). Mrs. Schneider's motion to dismiss is denied.

6. Code Ann. § 30-223, which Mrs. Schneider invokes in her motion for attorney fees and expenses of litigation on this appeal, is inapposite to this proceeding. An appeal by a husband from judgment for a wife upon her successful application for alimony modification does not constitute an "application ... filed by the husband" within the meaning of that Code section. The motion is denied.

The judgment of the superior court is hereby affirmed in all respects except that the award of $500 attorney fees is vacated.

*Judgment affirmed as modified. All the Justices concur, except Jordan and Ingram, JJ., who concur in the judgment only.*

SUBMITTED MAY 15, 1975 — DECIDED JUNE 17, 1975 —
REHEARING DENIED JULY 1, 1975.

*Parks, Eisenberg & Weinstein, David S. Eisenberg,* for appellant.

*Hendrix, Shea & Oldfield, John W. Hendrix,* for appellee.