## 31335. BELL v. BELL.

NICHOLS, Chief Justice.

This is an appeal from an order holding the appellant in contempt for failure to make child support payments.

In 1959 the appellant and the appellee were divorced, and custody of their two minor children was awarded to the appellee. Pursuant to a separation agreement, incorporated into the divorce decree, the appellant was required to make child support payments in the amount of $50 per month for each of the two children. The agreement provided that the appellant should continue child support payments until each child dies, marries, becomes self-supporting or becomes of age.

On February 3, 1976 the older of the two children reached his 18th birthday. Subsequent to this date, the appellant has refused to make the child support payments for this child on the ground that the child had become of age within the meaning of the agreement. The appellant contends Ga. L. 1972, p. 193 (Code Ann. § 74-104.1) changed the age of majority from 21 years of age to 18 years of age.

1. In the first two enumerations of error the appellant contends the trial court erred in denying his motion to dismiss and in overruling his challenge to the constitutionality of Ga. L. 1972, p. 193 (Code Ann. § 74-104.1). He asserts that the statute as enacted is unreasonable, vague and denies equal protection to a divorced father bound by a support decree rendered prior to the effective date of the law.

In 1972 the General Assembly of Georgia lowered the age of majority from 21 years of age to 18 years of age. Ga. L. 1972, p. 193. In passing this legislation the General Assembly was aware that both the United States and State Constitutions prohibited laws retroactive in effect or laws impairing the obligations of contracts. Code § 1-128 and Code Ann. § 2-302. Section 10 of the Act provides that nothing in the law shall "have the effect of changing the age from 21 to 18 with respect to any legal instrument or court decree in existence prior to the effective date of this law." Ga. L. 1972, pp. 193, 199.

This Act does not deny equal protection to the

appellant and is not unconstitutional for this reason. If the law had been written as the appellant suggests, it would have bridged the constitutional prohibition against the retroactive impairment of contracts.

2. Appellant's third enumeration of error contends the trial court erred by modifying the original divorce decree in a contempt action. The appellant contends that the trial court's judgment interpreting the original divorce decree to mean the appellant must continue to make child support payments until the children reach the age of 21 amounted to a modification of the decree. There is no merit in this contention.

An agreement providing support until a child "becomes of age" rendered prior to the enactment of Ga. L. 1972, p. 193, means support payments must continue until the child reaches 21 years of age. *Spivey v. Schneider,* 234 Ga. 687 (217 SE2d 251) (1975).

*Judgment affirmed. All the Justices concur.*

SUBMITTED JULY 9, 1976 — DECIDED SEPTEMBER 7, 1976.

*J. Walter Cowart,* for appellant.

*Pierce, Ranitz, Berry, Mahoney & Forbes, John F. M. Ranitz, Herman W. Coolidge, Jr., Arthur K. Bolton, Attorney General,* for appellee.