### 31181. PARKER v. DYAL.

GUNTER, Justice.

This appeal is from a judgment based on the verdict of a jury that reduced permanent alimony periodic payments to the former wife from $200 per month to $50

per month. The former wife has appealed; she contends here that there was no evidence to support the verdict that reduced the payments; and her only enumerated error contends that her motion for a directed verdict at the close of the evidence and her motion for a judgment notwithstanding the verdict were improperly overruled by the trial judge.

This transcript shows that the income of the appellee actually increased between the date of the original alimony judgment and the time of the trial. While there was evidence of the net worth of the appellee at the time of trial, there is no evidence of his net worth at the time of the entry of the original alimony judgment.

Code Ann. § 30-221 provides that, in modification cases, the merits of whether the wife is entitled to alimony is not an issue, "but only whether there has been such a substantial change in the income and financial status of the husband as to warrant either a downward or upward revision and modification of the permanent alimony judgment."

In *Kitchin v. Kitchin*, 219 Ga. 417 (133 SE2d 880) (1963), this court quoted from *Perry v. Perry*, 213 Ga. 847, 852 (102 SE2d 534) (1958): "Clearly what the legislature did intend was that the original judgment could be revised upon a change in the husband's ability to pay, and there might be a change in his ability to pay by reason of a change in his financial status without any actual change in his income."

We also think that the legislature meant that irrespective of a change in the income of the husband, there should also be a change in his net worth, affecting his inability to pay the previously prescribed amount or affecting his ability to pay more than the previously prescribed amount.

We agree with the appellant in this case. Although there is evidence of the appellee's increased income and also his increased expenses, there is no financial-status evidence in this case that affects the inability of the husband to make alimony payments of $200 per month prescribed in the former judgment sought to be modified.

Because the evidence does not show a substantial change in the financial status of the appellee that would

warrant a downward revision of the former alimony judgment, the verdict of the jury was without evidence to support it, and the judgment rendered pursuant to the verdict of the jury must be reversed.

*Judgment reversed. All the Justices concur, except Jordan, J., who concurs in the judgment only.*

ARGUED JUNE 16, 1976 — DECIDED SEPTEMBER 8, 1976 — REHEARING DENIED SEPTEMBER 28, 1976.

*Scheer & Elsner, Robert A. Elsner,* for appellant. *J. C. Rary,* for appellee.