31969. BERKOWITZ v. BERKOWITZ.

BOWLES, Justice.

This is an appeal from a judgment granting modification of an alimony award tried by the court without a jury. The parties were divorced on June 9, 1971. Pursuant to the provision of the final divorce decree Mrs. Berkowitz was granted custody of the three minor children and Mr. Berkowitz was required to pay his wife the sum of $1,175 per month as alimony and $210 per child per month as child support. Subsequent to the entering of the decree two of the minor children, after attaining the age of 14, elected to reside with their father. By consent of the parties, and pursuant to the terms and intent of the final decree of divorce, the child support payments were reduced by the sum of $210 per month per child, or a total of $420 per month. At the hearing on the petition for modification, the evidence showed that Mr. Berkowitz had earned $92,740 as a stockbroker in the year the divorce was granted but due to a decline in market conditions his income had dropped in 1974 and 1975 to $63,617 and $74,857, respectively. The trial judge found there to be a substantial decrease in Mr.

Berkowitz' income and financial status and thus reduced his obligation for payment of alimony by $250 per month, or 21.33 percent of the original sum agreed to. The court also found that Mr. Berkowitz was entitled to a reduction of $210 per month per child, or a total of $420 per month in child support payments as a result of the court's change in custody of two of the minor children to the husband.

Mrs. Berkowitz contends that the court erred in modifying downwardly that portion of the final judgment and decree of divorce awarding alimony and child support. To authorize a modification it must appear that there has been a substantial change in the husband's income or in his financial status so as to warrant an upward or downward revision of alimony or child support. Code Ann. § 30-221 (Ga. L. 1955, pp. 630, 631). A trial judge's decision, on appeal to this court, will be allowed to stand if there is "some evidence" to support his finding. *Olliff v. Olliff,* 234 Ga. 892 (218 SE2d 622) (1975); *Heidt v. Heidt,* 225 Ga. 719 (171 SE2d 270) (1969); *Schuster v. Schuster,* 221 Ga. 614 (146 SE2d 636) (1966); *Kitchin v. Kitchin,* 219 Ga. 417 (133 SE2d 880) (1963).

Having read the testimony and reviewed all the evidence, we hold that there is "some evidence" showing that there had been a substantial change in the husband's ability to pay alimony. The court was not in error in finding that due to the substantial decrease in the husband's income, from the date of the original divorce decree, he was entitled to a downward modification of his alimony payments. Further, since custody of two of the minor children was granted to the husband, the court did not err in reducing the husband's child support payment to the wife by the $210 amount per child contained in the prior award.

*Judgment affirmed. All the Justices concur.*

SUBMITTED JANUARY 28, 1977 — DECIDED MAY 12, 1977.

*Stanley H. Nylen,* for appellant.
*Powell, Goldstein, Frazer & Murphy, Frank Love, Jr.,* for appellee.