# Court of Appeals
# of the State of Georgia

ATLANTA,  February 19, 2019

*The Court of Appeals hereby passes the following order:*

**A19D0313.  JIM BURNETT et al. v. CHONDRITE REO, LLC.**

James Burnett filed a notice of appeal in state court. On January 11, 2019, the trial court determined that Burnett did not have standing to appeal the case and ordered the marshal to execute a writ of possession. Burnett then filed this application for discretionary appeal on January 24, 2019, challenging the writ of possession.[1] We lack jurisdiction.

Generally, an application for discretionary appeal must be filed within 30 days of entry of the order sought to be appealed. OCGA § 5-6-35 (d). But the underlying subject matter of an appeal controls over the relief sought in determining the proper appellate procedure. *Rebich v. Miles*, 264 Ga. 467, 467-468 (448 SE2d 192) (1994). The underlying subject matter here is a dispossessory action, and OCGA § 44-7-56 provides that an appeal from any dispossessory judgment must be filed within seven days of the date the judgment was entered.  See *Ray M. Wright, Inc. v. Jones*, 239 Ga.

---

[1] In violation of our court rules, Burnett failed to include in his application materials "a copy of any petition or motion that led directly to the order or judgment being appealed and a copy of any responses to the petition or motion." Court of Appeals Rule 31 (e).

App. 521, 522-523 (521 SE2d 456) (1999). Because Burnett's application was filed 13 days after the state court's order was entered, it is untimely. Accordingly, this application is hereby DISMISSED.



*Court of Appeals of the State of Georgia*
     *Clerk's Office, Atlanta,* 02/19/2019
     *I certify that the above is a true extract from* the minutes of the Court of Appeals of Georgia.
     *Witness my signature and the seal of said court* hereto affixed the day and year last above written.

Stephen E. Castlen _____ , *Clerk.*