## 31261. HINSON v. KINARD.

INGRAM, Justice.

The sole issue in this appeal is whether a father's obligation to pay child support terminates at age 18, or at age 21, under a judgment, entered prior to the statutory change in majority age, when the judgment is silent as to the time of cessation of the child support obligation.

At the time the original judgment was rendered, the father was obligated to pay child support until the child became 21 years of age. In *Jenkins v. Jenkins,* 233 Ga. 902, 903 (214 SE2d·368) (1975), we noted that § 10 of the Act of 1972, p. 193 (Code Ann., § 74-104.1) requires that "obligations established by final judgments antedating the change in the age of majority be preserved."

More recently, in *Norrell v. Norrell,* 236 Ga. 797 (225 SE2d 305) (1976), dealing with a decree which required payment of child support until age 18 but which provided for payment of "tuition for the children as they reach college age," we held that the decree, having been entered when age 21 was the majority age, required payment of college tuition for the children until they reached age 21.

These decisions require ·that we reverse the conflicting judgment of the trial court in this case. See also *Spivey v. Schneider,* 234 Ga. 687, 690 (217 SE2d 251) (1975). However, we do not reach in this appeal the question of whether the appellee wilfully disobeyed the prior judgment of the court when he stopped paying support upon the child reaching age 18. That issue has not been ruled upon in the trial court and must now be

considered there.

For the reasons stated, the judgment of the trial court, dismissing the application for a contempt citation, will be reversed.

*Judgment reversed. All the Justices concur.*

SUBMITTED JUNE 18, 1976 — DECIDED SEPTEMBER 7, 1976.

*Jack E. Miller,* for appellant.
*J. Walter Cowart,* for appellee.