61519. THE STATE v. HASTY.

BIRDSONG, Judge.
The state, who is the appellant here, brought a petition to revoke a suspended sentence handed down to Hasty in 1971 for child abandonment. The 1971 court order decreed that Hasty's "sentence is suspended until the 21st birthday of the youngest child . . . or until such time as further ordered by the Court, upon condition that" Hasty pay certain amounts as child support.

At the hearing on the instant petition in 1980, Hasty contended

that as the present age of majority in Georgia, since 1972, is 18 and not 21, he could not be required to pay child support after the youngest child turns 18. The trial court's order directed that "child support shall cease as each child reaches the age of 18 years." *Held:*

In 1972 the legislature enacted a change in the age of majority law from 21 years to 18 years (Acts 1972, pp. 193, 194; Code Ann. § 74-104) and provided contemporaneously that "nothing in this law . . . shall have the effect of changing the age from 21 to 18 *with respect to any legal instrument or court decree* in existence prior to the effective date of this law, when said instrument refers only to 'the age of majority' or words of similar import." (Emphasis supplied.)

There is no more doubt in Georgia that this latter proviso means that any *civil* judgment, order or decree, or legal instrument or contract or agreement providing for child support until the child's age of majority or until the child reaches age 21, and entered into before the age of majority was changed to 18, continues in force until the child becomes 21. *Javetz v. Nash,* 244 Ga. 606 (261 SE2d 388); *Christmas v. Langston,* 241 Ga. 331 (245 SE2d 290); *Hall v. Hall,* 240 Ga. 28 (239 SE2d 356); *Hinson v. Kinard,* 237 Ga. 422 (228 SE2d 819); *Spivey v. Schneider,* 234 Ga. 687 (217 SE2d 251); *Jenkins v. Jenkins,* 233 Ga. 902, 903 (214 SE2d 368); *Choquette v. Choquette,* 232 Ga. 759 (208 SE2d 848). We deal in this case, however, with an order for child support arising out of a criminal prosecution for child abandonment, the terms of which are a condition for the suspension of a criminal sentence imposed against the appellee for the offense. The state concedes it has searched in vain for a case concerning the effect of Code Ann. § 74-104.1 upon criminal abandonment support orders, but nevertheless argues that the language of the statute includes child support orders based on criminal prosecutions. We see the matter in a different light, however, and do not concede that the broad language in the saving proviso of Code Ann. § 74-104.1 ensnares this appellee.

While the trial court, in 1971, convicted the defendant of child abandonment, it suspended his sentence on condition that he pay support until the youngest child reached 21 years, pursuant to Code Ann. § 27-2709. Because there is no magic in the age 21, we conclude that the obvious intent of the sentencing court was to provide support until the last child reached the age of majority. The trial court could not have intended to impose a further penalty upon the defendant beyond the prison sentence it imposed, but which it suspended on condition that the defendant fulfill his support obligations under the law. The order to support was not the *punishment* or sentence imposed, or we might be constrained to admit its inviolability (see Code Ann. § 26-103, and *Barton v. State,* 81 Ga. App. 810, 814 (60

SE2d 173)); rather, the order to support to age 21 comprised the *conditions* upon which the defendant might keep himself from prison for the crime of abandonment he committed in 1971. Today there is no statutory obligation to support to age 21; yet it is contended the defendant must do so upon pain of imprisonment for an earlier crime.

From this it can be seen that it is not at all so simple as the state suggests, and as Code Ann. § 74-104.1 might seem to imply at first glance, to include a criminal abandonment support order in the category of "any legal instrument or court decree" which was in existence before 1972 and which is rendered enforceable under Code Ann. § 74-104.1. The intent of the saving proviso in Code Ann. § 74-104.1 is to preserve those vested rights and obligations established by contract or by appealable civil judgment, and to avoid the unconstitutional impairment of contracts (Constitution of Georgia, Art. I, Sec. I, Par. VII; Code Ann. § 2-107). The trenchant reasoning behind the enactment and the Supreme Court decisions, which have all been in civil cases, revolves around those vested rights either agreed to by the parent in a "legal instrument" or established by appealable civil judgment based on an evidentiary hearing wherein the parent might plead his case on its merits. To the contrary, it is obvious that the criminal defendant had no share in negotiating or voluntarily agreeing to support "until age 21," but perforce was compelled upon pain of imprisonment to support "until age 21," based on the presumption that his prospective failure to do so would be a crime under the law, or that the law would require it, at that future time.

Legislative exceptions and provisos in statutes are to be strictly construed, 82 CJS 886, 891, Statutes, §§ 381, 382. This means that close adherence must be made to the literal and textual implications of the statute and requires that a case be excluded from the operation of the exception unless its language clearly includes it. 82 CJS 529-530, § 311. A "saving clause" must generally be construed so as not to include anything not fairly within its terms, and even an express legislative direction to liberally construe a saving clause does not warrant extending its scope beyond what is expressly provided. 82 CJS 539, § 315. Where there is any doubt as to what is included in the clause, the doubt ought to be resolved in favor of the general provision and not the exception. 82 CJS 892-893, § 382, supra. The appellant argues that "the issue [of the effect of Code Ann. § 74-104.1 upon criminal abandonment support orders] was obvious to the lawmakers and *their inaction in that regard* would show their intention that child support [ordered upon criminal prosecution] would come under the code section." (Emphasis supplied.) This conclusion is patently incorrect according to the principles of

statutory construction we have just set out. An examination of the statute reveals that the legislature was, in fact, quite precise in setting forth the variety of exceptions to the majority age change, *which are all civil matters,* and in excluding from the saving clause the case of guardianship "whether ... created by a court order or decree entered before or after the effective date of this law or under the will of a testator, etc. ..." If any legislative intention can be garnered from the statutory context, it is that the legislative preoccupation was with matters of civil implication. The legislature was quite precise in these, and there is no reason to doubt that if it had intended to include child support orders arising out of a criminal prosecution in its saving clause, it would have been particularly careful to expressly include them, since it is axiomatic that there are considerable differences between the implications of civil court decrees and contractual instruments, and those obligations imposed under criminal sanction with threat of imprisonment. Hence, we conclude that the saving clause of Code Ann. § 74-104.1, being devoid of any reference to court orders arising out of criminal prosecutions for child abandonment, did not intend to include them.

The trial court therefore did not err in ordering that child support shall cease in this case as each child reaches the age of 18 years.

*Judgment affirmed. Shulman, P. J., and Sognier, J., concur.*

DECIDED MAY 5, 1981.

*Stephen A. Williams, District Attorney, Dianne Cook, Assistant District Attorney,* for appellant.
*Michael Brown,* for appellee.