73709. MOTORCYCLE STUFF, INC. v. BRYANT.
(356 SE2d 521)

Carley, Judge.

Appellant's original suit against appellee was initiated by the filing of a complaint captioned as "Motorcycle Stuff, Plaintiff v. Tom Bryant, Defendant." Appellee moved to dismiss on the ground that "Motorcycle Stuff" did not purport to be a corporation, partnership, or other legal entity. Appellee's motion to dismiss was granted. Within six months, appellant, relying on OCGA § 9-2-61, refiled the suit, captioning its complaint as "Motorcycle Stuff, Inc., Plaintiff v. Thomas Bryant a/k/a Tom Bryant, Defendant."

Prior to the refiling, the statute of limitations ran as to appellant's claim. Appellee's answer in the second action denied liability and raised, among other defenses, the statute of limitations. Appellee also filed a counterclaim. Appellant moved to strike appellee's statute of limitations defense and appellee moved for summary judgment. The trial court merely "sustained" appellee's statute of limitations defense and certified its order for immediate review. Appellant's application to this court for interlocutory appeal from this order was denied. Subsequent to "sustaining" appellee's statute of limitation defense, the trial court denied various motions filed by appellant. Appellant's appeal from the trial court's orders was dismissed as premature since appellee's counterclaim remained pending. See *Motorcycle Stuff, Inc. v. Bryant*, 179 Ga. App. 117 (345 SE2d 665) (1986).

The trial court has since entered a final order in the case which dismisses both appellant's complaint and appellee's counterclaim. Appellant appeals from that order.

1. Appellant contends that the trial court erred in holding that its suit was barred by the statute of limitations.

OCGA § 9-2-61 (a) provides that "[w]hen any case has been commenced in either a state or federal court within the applicable statute of limitations and the plaintiff discontinues or dismisses the same, it may be recommenced in a court of this state . . . either within the original applicable period of limitations or within six months after the discontinuance or dismissal, whichever is later. . . ." The renewed action must be " 'by the same party or his legal representative, *and against a person from whom relief was prayed in the first suit. . . .*' [Cit.]" (Emphasis in original.) *McCoy Enterprises v. Vaughn*, 154 Ga.

App. 471, 472 (268 SE2d 764) (1980). That the original action was dismissed involuntarily is not a bar to the application of the renewal statute. OCGA § 9-2-61 "applies to involuntary as well as voluntary dismissals, where the merits are not adjudicated. [Cits.]" *Bowman v. Ware*, 133 Ga. App. 799, 800 (2) (213 SE2d 58) (1975). However, the renewal statute will apply only if the original action was itself a valid suit. *Fowler v. Aetna Cas. &c. Co.*, 159 Ga. App. 190, 192 (3) (283 SE2d 69) (1981). Thus, if the original action was *void*, OCGA § 9-2-61 is inapplicable. *Murray v. Taylor*, 131 Ga. App. 697 (2) (206 SE2d 643) (1974). If, however, the original action was merely *voidable*, the privilege of renewal is available. *United States Cas. Co. v. American Oil Co.*, 104 Ga. App. 209 (1) (121 SE2d 328) (1961); *Southern R. Co. v. Pruitt*, 121 Ga. App. 530 (174 SE2d 249) (1970).

The basis for the trial court's dismissal of appellant's second complaint notwithstanding the renewal statute was that, insofar as the first suit had no real party plaintiff, the parties to this second suit were not the same as those in the first suit. See *McCoy Enterprises v. Vaughn*, supra. However, the first suit initiated by appellant was not void for lack of a legal party plaintiff. Where, as in the original action here, "the party plaintiff named in a complaint is not a legal entity but is reasonably recognizable as a misnomer for a legal entity which is the real party plaintiff, the misnomer may be corrected by amendment." *Block v. Voyager Life Ins. Co.*, 251 Ga. 162, 163 (1) (303 SE2d 742) (1983). Such an amendment does not introduce a new party. *Cunningham, Tallman, Pennington, Inc. v. Case-Hoyte Color Printers*, 174 Ga. App. 488 (330 SE2d 598) (1985). *John L. Hutcheson &c. Hosp. v. Oliver*, 120 Ga. App. 547 (1) (171 SE2d 649) (1969). The misnomer of "Motorcycle Stuff" as the plaintiff being an amendable defect in the original suit, it follows that suit was not void. Since the dismissal of the original suit was not on the merits and the cause of action and parties here are the same as in the original suit, appellant was entitled to rely on OCGA § 9-2-61 as applicable authority for the renewal of its suit against appellee. Accordingly, the trial court erred in dismissing appellant's complaint.

2. Appellant enumerates as error the trial court's denial of its motions for summary judgment, to compel discovery and for sanctions. The record shows that the "denial" of these motions was based solely on the ground that appellant's complaint had been dismissed as barred by the statute of limitations. Accordingly, the merits of the motions were never considered, the "denial" of these motions being, in effect, no more than a decision by the trial court that the motions were moot by virtue of the dismissal of appellant's complaint. The effect of our reversal of the dismissal of appellant's complaint is to reinvest the trial court with jurisdiction to rule upon the merits of appellant's motions. The trial court is hereby ordered to vacate its

"denial" of such of appellant's motions as were rendered moot by the erroneous dismissal of the complaint and to enter new orders which address the merits of these motions. The losing party as to such new rulings will be free to pursue whatever right of appeal may be available to it or him at that time.

*Judgment reversed in part and vacated with direction in part. Banke, P. J., and Benham, J., concur.*

DECIDED APRIL 6, 1987.

*Patricia A. Hoin*, for appellant.
*William I. Sykes, Jr.*, for appellee.