S93A0717. SERVICE CORPORATION INTERNATIONAL v. H. M. PATTERSON & SON, INC. et al.
(434 SE2d 455)

HUNSTEIN, Justice.

Service Corporation International ("SCI"), individually and derivatively as a stockholder in H. M. Patterson & Son, Inc. ("Patterson"), brought suit against Patterson, its officers, and every member of its board of directors alleging, inter alia, fraud, self-dealing, mismanagement, and seizure of corporate opportunity. During the course of the litigation, SCI moved to enjoin Patterson from making further advancements to the directors of litigation expenses. SCI appeals from the trial court's ruling denying its motion on the basis that the directors had met the requirements of OCGA § 14-2-853 (a) of the Georgia Business Corporation Code (the "GBCC"). OCGA § 14-2-101 et seq.

1. Appellees move to dismiss SCI's appeal as moot. Although appellees claim that the affidavit of director Jack Allen establishes that all the expenses SCI seeks to enjoin are being paid by Patterson's directors-and-officers liability insurance carrier, see OCGA § 14-2-858, SCI controverted that claim in an affidavit submitted by an accountant who had reviewed Patterson's financial documents. No ruling resolving the evidentiary conflict over the source of the payments for the directors' expenses was made and in the absence of such a ruling, it cannot be said that SCI's appeal is moot. Accordingly, ap-

pellees' motion to dismiss the appeal is denied.

2. OCGA § 14-2-853 (a) provides that

> [a] corporation may pay for or reimburse the reasonable expenses incurred by a director who is a party to a [legal] proceeding in advance of final disposition of the proceeding if:
>
> (1) [t]he director furnishes the corporation a written affirmation of his good faith belief that he has met the standard of conduct in [OCGA § 14-2-851 (a) (i.e., acted in a manner he believed in good faith to be in or not opposed to the best interests of the corporation)]; and
>
> (2) [t]he director furnishes the corporation a written undertaking, executed personally or on his behalf, to repay any advances if it is ultimately determined that he is not entitled to indemnification.

SCI contends the trial court erred by not applying the conflict of interest provisions in Part 6 of the GBCC, OCGA § 14-2-860 et seq., to the situation here, where advancement of litigation expenses is being made by a board of directors, all of whose members are named defendants in the suit being litigated. Citing the language in the Comment to OCGA § 14-2-853[1] and Goldstein, Georgia Corporation Law and Practice, § 8.11 [c] (1st ed. 1989) in support of its position, SCI argues that expense advancement in this case constitutes a "director's conflicting interest transaction"[2] and thus § 853 alone cannot justify

---

[1] Comment to OCGA § 14-2-853 provides in pertinent part:

Section 14-2-853 establishes a workable standard for advancement of expenses to directors facing protracted and costly litigation as a result of their service to the corporation: indemnification is permitted when the director assures the corporation of his belief that he has met applicable standards of conduct and promises to repay funds advanced if he ultimately is not entitled to indemnification. This conforms closely to former [OCGA §] 14-2-156 (e), and rejects the Model Act requirement of a determination by the board or other decision-making authority that the director is entitled to advances of expenses because the facts then known would not preclude ultimate indemnification. Because all of the board are frequently named defendants, such a determination would involve a conflict of interests, and implementation of the costly procedures of [OCGA §] 14-2-855 to obtain an authorization. Elimination of these procedural requirements is intended to leave these questions to the general conflict of interest rules of Part 6. Thus authorization of advances may be subject to attack on the ground of unfairness to the corporation unless the director's affirmation meets the standards of required disclosure of [OCGA §] 14-2-860 (4), and the advance is approved by disinterested directors in compliance with [OCGA §] 14-2-862, or by qualified shareholders in compliance with [OCGA §] 14-2-863. Alternately, directors may choose to utilize the procedures of [OCGA §] 14-2-855.

[2] "Director's conflicting interest transaction" is defined in OCGA § 14-2-860 (2) as a transaction "effected or proposed to be effected by the corporation . . . respecting which a director of the corporation has a conflicting interest."

"Conflicting interest" is defined in OCGA § 14-2-860 (1) as meaning the interest a director in the corporation has respecting a transaction effected or proposed by the corporation if:

the advancement but that such advancement must also comply with OCGA § 14-2-861 (b), which governs director's conflicting interest transactions.[3] SCI argues that where, as in the case at bar, there are no disinterested directors or "qualified" (that is, disinterested) shareholders to approve the transaction, OCGA § 14-2-861 (b) (1, 2), the "transaction" of expense advancement under § 853 must be established by the directors to be "fair" to the corporation, OCGA § 14-2-861 (b) (3), and because appellees failed to adduce evidence establishing the fairness of the transaction, the trial court should have granted SCI's motion.

We find no error in the trial court's ruling that compliance with the requirements of OCGA § 14-2-853 is sufficient to uphold the advancement of litigation expenses notwithstanding the fact that all the members of the board that approved the advancement are named defendants. OCGA § 14-2-853, in providing for the permissive advancement of reasonable expenses by a corporation,[4] requires only the director's good faith affirmation and an undertaking to repay. No determination and authorization pursuant to OCGA § 14-2-855, such as that required for indemnification, see id. at (a); OCGA § 14-2-851, is contained in OCGA § 14-2-853. As the Comment itself explains, the omission of the "determination" requirement was deliberate in

---

(A) Whether or not the transaction is brought before the board of directors of the corporation for action, to the knowledge of the director at the time of commitment he or a related person is a party to the transaction or has a beneficial financial interest in or so closely linked to the transaction and of such financial significance to the director or a related person that it would reasonably be expected to exert an influence on the director's judgment if he were called upon to vote on the transaction; or

(B) The transaction is brought . . . before the board . . . for action, and to the knowledge of the director at the time of commitment any of the following persons is either a party to the transaction or has a beneficial financial interest so closely linked to the transaction and of such financial significance to that person that it would reasonably be expected to exert an influence on the director's judgment if he were called upon to vote on the transaction: (i) an entity (other than the corporation) of which the director is a director, general partner, agent, or employee; (ii) a person that controls . . . or an entity that is controlled by, or is under common control with, one or more of the entities specified in division (i) . . .; or (iii) an individual who is a general partner, principal, or employer of the director.

[3] OCGA § 14-2-861 (b) provides that a director's conflicting interest transaction may not be enjoined, set aside, or give rise to an award of damages or other sanctions, in an action by a shareholder or by or in the right of the corporation, on the ground of an interest in the transaction of the director or any person with whom or which he has a personal, economic, or other association, if (1) the directors' action respecting the transaction was at any time taken in compliance with OCGA § 14-2-862; (2) shareholders' action respecting the transaction was at any time taken in compliance with OCGA § 14-2-863; or (3) "[t]he transaction, judged in the circumstances at the time of commitment, is established to have been fair to the corporation."

[4] Contrary to SCI's argument, we find the language in OCGA § 14-2-853 that a corporation "may" pay or reimburse directors' personal litigation expenses indicates only the legislative intent that such advance payments be permissive rather than mandatory.

view of the fact that "all of the board are frequently named defendants," and hence the requirement of "a determination would involve a conflict of interests, and implementation of the costly procedures of [OCGA §] 14-2-855 to obtain an authorization." Although the Comment then assumes that questions of expense advancement where all board members are named defendants would be left to the general conflict of interest provisions, we do not agree with the Comment's conclusion.[5] Given that the "determination" requirement was omitted in order to expedite the advancement of expenses and minimize the cost involved in approving such payments, the Comment's suggestion that § 853 comes by default within the ambit of § 861 (with its costly and burdensome conflict of interest requirements) contradicts the very cost-effective purpose of § 853. Thus, we find the GBCC includes advancement of expenses pursuant to OCGA § 14-2-853 among those "few corporate transactions in which directors inherently have a special personal interest" that are "of a unique character and are addressed *not* by Part 6 but by special provisions of the Code." (Emphasis supplied.) Comment to OCGA § 14-2-861.[6]

Georgia is but one of a majority of states[7] not requiring determination by the board or other decision-making authority for expense advancement. This being the case, it is interesting to note that extensive review of foreign jurisdictions by this Court and the parties to this appeal has failed to reveal any reported appellate decision applying corporate conflict of interest provisions to expense advancement under any similar factual scenario.[8] The Louisiana legislature, how-

---

[5] While the appellate courts of Georgia have quoted with approval the Comment to the GBCC and its predecessor statutes and have found its analyses helpful in ascertaining the intent of the legislature, e.g., *Jackson v. Southern Pan &c. Co.*, 258 Ga. 401 (2) (b) (369 SE2d 239) (1988); *Shoffner v. Woodward*, 195 Ga. App. 778 (1) (a) (394 SE2d 921) (1990), we do not agree with SCI that the Comment controls the interpretation to be given the provisions of the GBCC or otherwise precludes our application of the rules of statutory construction.

[6] The Comment to OCGA § 14-2-861 specifies only OCGA §§ 14-2-851; 14-2-852 (indemnification arrangements); OCGA § 14-2-858 (directors-and-officers liability insurance); and OCGA § 14-2-744 (termination of derivative proceedings by board action), as the statutes that are "not covered by, addressed under, or affected by Part 6."

[7] E.g., Cal. Corp. Code § 317 (f); Del. Code Ann. tit. 8, § 145 (e); Fla. Stat. § 607.0850 (6); N.Y. Bus. Corp. Law, § 723 (c) (McKinney).

A number of states have statutes comparable to OCGA § 14-2-853 in the omission of a determination and the requirement of both an undertaking and an affirmation. E.g., Md. Corps. & Assns. Code Ann. § 2-418 (f); Or. Rev. Stat. § 60.397; Tex. Bus. Corp. Act Ann. art. 2.02-1 K; Wash. Rev. Code § 23B.08.530; Wisc. Stat. § 180.0853. We note that Wisconsin also authorizes the corporation to require the director to pay "reasonable interest on the allowance [of expenses] to the extent that it is ultimately determined [that the director is not entitled to indemnification]." Id. at (2).

For states requiring a determination by the board or other authority, see, e.g., Ala. Code § 10-2A-21 (e); Mich. Stat. Ann. § 21.200 (564b); N.H. Rev. Stat. Ann. § 293-A:8.53 (eff. Jan. 1, 1993); Tenn. Code Ann. § 48-18-504.

[8] Although appellees cite to *Swenson v. Thibaut*, 250 SE2d 279, 303 (VI) (N.C. App. 1978), in which the North Carolina Court of Appeals commented that "[i]t does not appear

ever, has clarified this issue in that state by expressly authorizing the participation of interested directors in the corporation's decision to advance expenses.[9]

We therefore hold that compliance with OCGA § 14-2-853 is sufficient to warrant advancement of expenses without the necessity of satisfying any other statutory preconditions. This holding is consistent with the expense advancement provision in OCGA § 14-2-856, which enables a corporation, from its inception by the inclusion of a provision in its articles of incorporation, to pre-approve the advancement of expenses upon a director's compliance with the requirements in § 856 (c).[10]

3. As in *Swenson v. Thibaut*, 250 SE2d 279, 303 (VI) (N.C. App. 1978), we note that our holding should not be construed as saying "that under *all* circumstances the trial judge would be powerless to enjoin an advancement of legal fees by a corporation to its directors." (Emphasis supplied.) However, on the facts in the record, on which the trial court based its finding that the directors met the requirements of OCGA § 14-2-853 (thus encompassing SCI's challenge to both the reasonableness of the expenses and the directors' good faith belief that they had acted in a manner which was in or not opposed to the best interests of Patterson), SCI has not shown the manifest abuse of discretion required before this court will overturn a denial of interlocutory injunctive relief. See generally OCGA § 9-5-8; *Wilson v. Sermons*, 236 Ga. 400 (223 SE2d 816) (1976). Therefore, the denial of SCI's motion to enjoin the directors' literal compliance with OCGA § 14-2-853 was correct.

---

to us that the advancement of legal fees . . . is necessarily a transaction in which a director is adversely interested," that court did not have to examine the matter more fully because there were sufficient disinterested directors to approve the advancement. Accordingly, we agree with SCI that *Swenson* is distinguishable.

[9] La. Rev. Stat. Ann. § 12:83 (D) provides that expenses incurred in defending any legal action
> may be paid by the corporation in advance of the final disposition thereof if authorized by the board of directors, *without regard to whether participating members thereof are parties to such action, suit, or proceeding,* upon receipt of an undertaking by or on behalf of the director . . . to repay such amount unless [ultimately found not entitled to indemnification]. [Emphasis supplied.]

[10] OCGA § 14-2-856 (a) provides for director indemnification "[i]f authorized by the articles of incorporation *or* a bylaw, contract, or resolution approved or ratified by the shareholders by a majority of the votes entitled to be cast" (emphasis supplied) except under certain circumstances detailed in subsection (b) (e.g., where the director has engaged in intentional misconduct, received an improper personal benefit, improperly appropriated a business opportunity of the corporation, etc.). OCGA § 14-2-856 (c) provides that "[w]here approved or authorized in the manner described in subsection (a)," a corporation may advance expenses if the director furnishes — as in § 853 — a written affirmation of his good faith belief and a written undertaking to repay, the difference in § 856 being that the behavior addressed in the written affirmation is that delineated in § 856 (b), rather than the reference in § 853 to § 851 (a).

*Judgment affirmed. All the Justices concur.*

DECIDED SEPTEMBER 13, 1993 —
RECONSIDERATION DENIED OCTOBER 8, 1993.

*Harkleroad & Hermance, Donald R. Harkleroad, James P. Hermance, Robert C. Bowling, Timothy J. McGaughey,* for appellant.

*Parker, Hudson, Rainer & Dobbs, J. Marbury Rainer, M. Banks Neil IV, Jamie Brownlee-Jordan, Bondurant, Mixson & Elmore, H. Lamar Mixson, Jeffrey D. Horst, Webb & Daniel, Philip S. Coe, Hugh R. Powell, Jr.,* for appellees.