## A94A0706. McKOON v. JONES et al.
(447 SE2d 50)

JOHNSON, Judge.

Elizabeth McKoon, as a shareholder of The Citizens Bank and of its holding company Northwest Georgia Financial Corporation, instituted a shareholder's derivative action against T. Ruben Jones, Jon L. Bloomfield, Steve Jones, Earl Duncan, Stevan H. Crew, J. W. Rakestraw, and Northwest. In her complaint, McKoon alleges that the above-named individuals, who were president, chief executive officer, chairman of the board and members of the board of directors of Citizens Bank and Northwest, wasted the assets of both corporations through acts of negligence and violations of the Georgia Racketeer Influenced & Corrupt Organizations (RICO) Act, OCGA § 16-14-1 et seq. T. Ruben Jones and Northwest moved to dismiss the action on several grounds, one of which was that McKoon's right to pursue a derivative action was terminated when Citizens Bank, in response to McKoon's demand that action be taken against the officers and directors, filed suit against its surety to recover on a fidelity bond. The trial court granted the motion to dismiss as to all defendants solely on that basis. McKoon appeals.

McKoon contends that the trial court erred in deciding that Comment 4 to OCGA § 14-2-742 precluded her from commencing an action against the officers and directors. We agree and reverse.

The trial court's reliance on Comment 4 as controlling authority is misplaced. In a section entitled "Code Revision Commission Note on Comments," included in the introductory material to the Georgia Business Corporation Code when it was adopted in 1988 and repeated when the Code was amended in 1990 and 1993, the Georgia Corporation Code Revision Committee specifically addressed the issue when it wrote: "The comments appearing in this chapter have been prepared under the supervision of the Georgia Corporation Code Revision Committee of the Corporate and Banking Law Section of the

State Bar of Georgia and are included in the Official Code of Georgia Annotated at the request of the committee. Neither the General Assembly of Georgia nor the Code Revision Commission of the State of Georgia has participated in the drafting of these comments or has reviewed the comments for their content. *The comments should not be considered to constitute a statement of legislative intention by the General Assembly of Georgia nor do they have the force of statutory law.*" (Emphasis supplied.) OCGA Title 14, Chapter 2 (1989 ed.), p. 11; see also OCGA Title 14, Chapter 2 (1993 Supp.), p. 1. This is consistent with the Supreme Court's observation that while a comment to the Code may indeed be helpful in ascertaining the meaning of a statutory provision, in other words, may serve as persuasive authority, it is not controlling authority and does not preclude the application of the rules of statutory construction by courts. See *Service Corp. Intl. v. H. M. Patterson &c.*, 263 Ga. 412, 415, n. 5 (434 SE2d 455) (1993). Thus, the trial court erred in basing its decision on Comment 4 to OCGA § 14-2-742.

Furthermore, even if the comment did have some binding authority, it does not bar the plaintiff's derivative action in this case. OCGA § 14-2-742 (1) allows a shareholder to commence a derivative proceeding after making a written demand upon the corporation to take suitable action. If the corporation, after receiving the demand, decides to institute litigation or, after a derivative proceeding has commenced, decides to assume control of the litigation, the shareholder's right to commence or control the proceeding ends *unless it can be shown that the corporation will not adequately pursue the matter.* OCGA § 14-2-742, Comment 4. The letter sent by McKoon's attorney to the directors of Northwest demanded that an action be commenced on behalf of the corporation against the officers and directors responsible for the wasting of the assets of Northwest. The only action commenced by Citizens Bank or Northwest was a breach of contract action against Pinnacle Insurance. The issue in that case is whether Pinnacle breached its agreement by refusing to indemnify Citizens Bank pursuant to a fidelity bond for losses resulting from dishonest or fraudulent acts committed by Citizens Bank employees. Pinnacle has denied all liability and that case is still pending. That issue is very different from the issue of whether the directors and officers of Northwest violated a duty owed to the corporation and whether they are directly liable for damages for losses incurred by the corporation. Moreover, McKoon's complaint alleges that the defendants committed numerous RICO violations, including theft by deception, mail fraud and securities violations. Citizens Bank's complaint contains no such allegations. Contrary to the arguments set forth in Jones' brief, in construing McKoon's complaint in the light most favorable to her, we cannot conclude as a matter of law, upon the state of the record as

it now exists, that McKoon would not be entitled to relief pursuant to the RICO claim under any state of provable facts. *Time Ins. Co. v. Fulton-DeKalb Hosp. Auth.*, 211 Ga. App. 34, 35 (1) (438 SE2d 149) (1993); *State of Ga. v. Shearson Lehman Bros.*, 188 Ga. App. 120, 121 (2) (372 SE2d 276) (1988). Finally, we do not interpret Comment 4 of OCGA § 14-2-742 (1) as prohibiting the commencement of a shareholder's derivative action once the corporation files suit, *without regard to the type of action filed and without reference to whom is being sued.* We do not believe that the legislature intended officers and directors who have committed fraud upon a corporation, or have negligently performed their duties with the result that the corporation has been damaged thereby, to be able to avoid all liability by simply filing an action against the corporation's surety. Because it is apparent that the corporation has yet to adequately pursue the claims asserted by McKoon, we find that the trial court erred in dismissing the case on that basis.

As the other grounds for dismissal asserted by the defendants have not been ruled upon in the trial court, we cannot consider them on appeal. *Hinson v. Kinard*, 237 Ga. 422 (228 SE2d 819) (1976); see *Atlantic Wood Indus. v. Lumbermen's &c. Alliance*, 196 Ga. App. 503, 506 (3) (396 SE2d 541) (1990); see also *Motorcycle Stuff v. Bryant*, 182 Ga. App. 554, 555 (2) (356 SE2d 521) (1987). "Ordinarily, a judgment right for any reason must be affirmed, but where it is apparent that the court rests its judgment on reasons which are erroneous or upon an erroneous legal theory it commits reversible error." (Citations omitted.) *Lorentzson v. Rowell*, 171 Ga. App. 821, 825 (321 SE2d 341) (1984), rev'd in part on other grounds, *Smith, Miller & Patch v. Lorentzson*, 254 Ga. 111 (327 SE2d 221) (1985); *Derbyshire v. United Builders Supplies*, 194 Ga. App. 840, 843 (1) (392 SE2d 37) (1990); *Power v. Mobley*, 170 Ga. App. 167, 168 (1) (316 SE2d 580) (1984). Thus, the judgment of the trial court must be reversed.

In light of our holding above, the trial court's ruling that Jones' and Northwest's discovery motions are moot must be vacated. *Motorcycle Stuff*, supra.

*Judgment reversed in part, vacated in part, and case remanded. Beasley, P. J., and Andrews, J., concur.*

DECIDED JUNE 22, 1994 —
RECONSIDERATION DENIED JULY 15, 1994 ▮

*Barnes, Browning, Tanksley & Casurella, Roy E. Barnes*, for appellant.

*Chilivis & Grindler, Anthony L. Cochran, Carol M. Kayser, Smith, Gambrell & Russell, Robert W. Beynart, Edwin Marger*, for

appellees.

