## S95A2019. KING v. PUTNAM COUNTY BOARD OF COMMISSIONERS.
### (467 SE2d 509)

FLETCHER, Presiding Justice.

Property owner Hiram King seeks a writ of mandamus requiring the county to issue a permit that allows him to build a house on Lake Sinclair. The trial court ruled that King was not entitled to the building permit under the grandfather clause of the county land use regulations. We disagree and reverse because King's property meets the lot-of-record exception under the county regulations.

King divided his Lake Sinclair lot and recorded the plat on June 17, 1991, days before the board of commissioners adopted the land use regulations. Section 3-107 of the regulations contains a lot-of-record exception that states:

> Any lot legally platted prior to the adoption of this Code and[, which] as a result of the adoption, does not meet the minimum lot or lot width requirements for the district in which it is located, may be developed with any use permitted in the district.

When King applied in 1994 for a building permit to build a single family residence on Lot 1B, the county building inspector denied the permit because the lot did not meet the new minimum lot area and lot width requirements. King applied for a setback variance which the zoning commission denied. After the county commission upheld the denial, King appealed to the superior court and sought mandamus or a declaratory judgment.

The exception in § 3-107 allows lots that were platted prior to the adoption of the zoning regulations to be used for any permitted use in the district, notwithstanding the lot size requirements. King has met the necessary criteria. First, his lot was legally platted prior to the code's adoption. Second, the lot does not meet the minimum size requirements for building a single family residence under the new regulations. Third, the lot is located in a district that permits residential uses. Because the regulations' grandfather clause supports King's right to build a house on his lake lot, he is entitled to the writ of mandamus.[1]

*Judgment reversed. All the Justices concur. Thompson, J., disqualified.*

DECIDED FEBRUARY 5, 1996.

*Moore & Mangum, Joe O. Mangum III,* for appellant.
*Jesse Copelan, Jr.,* for appellee.

---

[1] See *Hill v. Busbia,* 217 Ga. 781 (125 SE2d 34) (1962).