S97A0390. LANE v. CITY OF ATLANTA et al.
(483 SE2d 575)

FLETCHER, Presiding Justice.

The issue in this appeal is whether the Atlanta Independent School System may levy school taxes in excess of 20 mills.[1] Taxpayer William E. Lane filed a declaratory judgment action against the city, city school board, and county tax commissioner challenging a revenue sharing agreement between the city and school board and the levy of property taxes for schools in excess of 20 mills. In the first appeal before us, we held illegal the 1985 agreement under which the city gave 30 percent of the local option sales tax collections to the school system.[2] On remand, the trial court rejected Lane's contention on the second issue and ruled that the Atlanta public schools were exempt from the 20-mill limitation under a grandfather clause in the Constitution of the State of Georgia of 1983. Because the Atlanta school system had authority to levy more than 20 mills in school taxes on the effective date of the 1983 Constitution, we affirm.[3]

The 1983 Constitution addresses local taxation for education in Article VIII, Section VI, Paragraph I. Subparagraph (a) provides that the board of education of each school system shall certify and its fiscal authority shall levy a school tax not greater than 20 mills for the support and maintenance of public schools. Subparagraph (c) provides that the 20-mill limitation in subparagraph (a) "shall not apply to those school systems which are authorized on June 30, 1983, to levy a school tax in excess thereof." At issue here is the meaning of the word "authorized."

In construing statutes, courts must look diligently for the legislative intent and give ordinary signification to all words.[4] Webster's Third New International Dictionary defines "authorized" to mean "to endow with authority or effective legal power, warrant, or right."[5]

---

[1] The City of Atlanta is the fiscal authority that actually levies and collects the ad valorem taxes on behalf of the Atlanta school system.

[2] *Atlanta Independent School System v. Lane,* 266 Ga. 657 (469 SE2d 22) (1996).

[3] The 1983 Constitution became effective on July 1, 1983.

[4] OCGA § 1-3-1.

[5] See also Black's Law Dictionary 122 (5th ed. 1979) (defining "authorize" as "[t]o empower; to give a right or authority to act").

Thus, the plain language of the constitution states that the 20-mill limitation does not apply to school systems that possessed the legal power to levy a school tax of more than 20 mills on the effective date of the 1983 Constitution.

This interpretation comports with the provision's legislative history. Prior to submitting the proposed constitution to the General Assembly, the Legislative Overview Committee discussed the paragraph's purpose. The drafters intended to provide a uniform millage limitation for all school systems, but included a grandfather clause for county, independent, and area school systems that levied a tax greater than the uniform rate. "In other words, [paragraph I is] attempting to establish a general rule, but then there's an exception that states that those systems that have a different millage limitation . . . would retain those provisions."[6]

On June 30, 1983, the Atlanta school system had both constitutional and statutory authority to levy a school tax that was greater than 20 mills. Created in 1870, the Atlanta school system is an "independent school system."[7] We have previously concluded that independent school systems were expressly excluded from the limitations on millage rates in the 1877 and 1945 Constitutions.[8] Specifically, the 1945 Constitution stated that "[p]ublic school systems established prior to the adoption of the Constitution of 1877 shall not be affected by this Constitution."[9] The 1976 Constitution, which was in effect on June 30, 1983, carried forward this exemption.[10] In addition, the 1973 Atlanta City Charter gave the Atlanta Board of Education the power to set the millage rate without any limitation.[11] "There shall be assessed, levied, and collected an annual ad valorem tax for the support of public schools and for educational purposes, at the millage rate determined by the Atlanta Board of Education."[12]

Thus, on the relevant date, the Atlanta school system was "authorized" to levy a school tax in excess of 20 mills. As a result, the trial court correctly concluded that the 20-mill limitation does not apply to the Atlanta Independent School System.

---

[6] State of Georgia, Select Comm. on Constitutional Revision, Transcripts of Meeting, 1977-1981, Legis. Overview Comm., Vol. I, June 18, 1981 at 77.

[7] See *Bd. of Public Ed. & Orphanage v. Zimmerman*, 231 Ga. 562, 564 (203 SE2d 178) (1974).

[8] Id. at 565; *Ingram v. Payton*, 222 Ga. 503, 509, 511 (150 SE2d 825) (1966).

[9] Constitution of the State of Georgia of 1945, Art. VIII, Sec. X, Par. I (§ 2-7301); see also Constitution of the State of Georgia of 1877, Art. VIII, Sec. V, Par. I (§ 2-7001) ("Existing school systems shall not be affected by this constitution.").

[10] Constitution of the State of Georgia of 1976, Art. VIII, Sec. V, Par. VII (§ 2-5307).

[11] Ga. L. 1973, Vol. 2, pp. 2188, 2232.

[12] Id.; see also id. at 2167, 2178 (similar language in act reorganizing the Board of Education).

*Judgment affirmed. All the Justices concur.*

DECIDED APRIL 14, 1997.

Proctor, Felton & Chambers, Robert J. Proctor, Jule W. Felton, Jr., for appellant.
Bondurant, Mixson & Elmore, Emmet J. Bondurant, Paul H. Schwartz, Holland & Knight, Joseph D. Young, Amy M. Totenberg, Jacqueline S. Groover, Joe M. Harris, Susan B. Forsling, for appellees.