## S99A0085. BURTON v. CAMPBELL et al.

### (512 SE2d 889)

CARLEY, Justice.

Damon Burton purchased a store which was licensed by the City of Atlanta to sell beer and wine, but not distilled spirits. Burton subsequently applied to the City for renewal of the license to sell beer and wine and for issuance of a license authorizing him to sell distilled spirits. The City Code specified that premises where alcohol was sold must be located a minimum distance from churches, schools and private residences. Burton's store did not meet these distance requirements. In applying for the two licenses, however, he relied upon § 10-113 of the City Code which provides that the distance requirements would not be enforced against an "applicant for a new liquor license who has acquired a previously licensed liquor location. . . ." When the Mayor denied both applications, Burton filed a mandamus action to compel issuance of the licenses. The trial court held that Burton was entitled to the beer and wine license, but not the distilled spirits license. From the order granting him only partial mandamus relief, Burton brings this appeal.

The relevant provision of the City Code is a "saving" or "grandfather" clause, whereby the owner of a location covered by a previously issued license is permitted to obtain another license to sell alcohol notwithstanding the distance requirements. See *Lane v. City of Atlanta*, 267 Ga. 843 (483 SE2d 575) (1997); *King v. Putnam County Bd. of Commissioners*, 266 Ga. 208 (467 SE2d 509) (1996); *Gouge v. City of Snellville*, 249 Ga. 91, 95 (4) (287 SE2d 539) (1982). Because it creates an exception to enforcement of the general distance requirements, the clause must be strictly construed. *Dalton Brick & Tile Co. v. Huiet*, 102 Ga. App. 221, 224 (2) (115 SE2d 748) (1960). Any question as to what is included within its operation must "be resolved in favor of the general provision and not the exception. [Cit.]" *State v. Hasty*, 158 Ga. App. 464, 466 (280 SE2d 873) (1981). The usual function of such a clause "is not to create anything, but to preserve something from immediate interference. . . ." 82 CJS, Statutes, § 383, p. 895. Thus, the provision serves to afford Burton no greater rights than those held by his predecessor in interest through whom he claims the benefit of the exemption. It is undisputed that the previous owner of Burton's store was licensed to sell only beer and wine. It follows that Burton is entitled to an exemption from the distance requirements only as to his eligibility for a license to sell that form of alcohol. The effect of the clause is merely to preserve Burton's right to renew the beer and wine license, rather than to invest him with the right to obtain an entirely new distilled spirits license. As the sale of distilled spirits is a non-grandfathered privilege which Burton must assert in his own right, his application for such a license

remains subject to the distance requirements. See *Levendis v. Cobb County*, 242 Ga. 592 (1) (250 SE2d 460) (1978); *City of Atlanta v. Hill*, 238 Ga. 413 (233 SE2d 193) (1977); *Brown v. Bd. of Examiners*, 190 Ga. App. 311, 313 (2) (378 SE2d 718) (1989). Because the City Code does not exempt Burton from satisfaction of the distance requirements as a condition of exercising the privilege of offering that particular form of alcohol for sale at his store, the Mayor did not abuse his discretion in denying the application for a license to do so. *Illusions on Peachtree Street v. Young*, 257 Ga. 142, 144 (1, 2) (356 SE2d 510) (1987).

*Judgment affirmed. All the Justices concur.*

DECIDED FEBRUARY 22, 1999.

*Valente & Strauss, John G. Valente, Kenneth A. Tapscott,* for appellant.

*Clifford E. Hardwick IV, William J. Monahan, Lisa S. Morchower,* for appellees.